AMBER B. by her mother and next friend, Rebecca B. and Rebecca B., Individually, Plaintiff-Respondent,

v.

LELAND S., Defendant-Appellant.

No. 39688.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 27, 1979.

William S. Preiss, Warren Grauel, Clayton, for defendant-appellant.

Kenneth M. Chackes, Chackes & Hoare, St. Louis, for plaintiff-respondent.

STEWART, Judge.

Rebecca, the mother of Amber, a female infant, brought an action in two counts against Leland on behalf of herself and as next friend of Amber to have Leland declared to be the father of Amber, for custody and for support for Amber. Leland appeals from a judgment entered in accordance with the prayer of plaintiff's petition.

The petition alleged that Amber was born to Rebecca on July 21, 1976 and that Leland sired the child and acknowledged that Amber was his child.

Rebecca testified that she met Leland in August of 1975; that she had sexual intercourse with Leland beginning in mid September, 1975 until May of 1976. She stated that she had intercourse with him on October 23, 1975 and that her last menstrual period before the birth of the child was October 1, 1975. She testified that she did not associate with any other men during this period of time.

On cross-examination Rebecca revealed for the first time since the commencement of the action that she was married to James who resided in California. She testified that she left her husband in 1967 and that

her husband was not the father of any of her three other children.

Amber carries Rebecca's husband's surname.

There is sufficient substantial evidence to warrant the judgment of the trial court.

The crucial issues are whether James, Rebecca's husband, should have been a party to the action and whether a guardian ad litem should have been appointed for Amber.

■ The fact that Amber was born in wedlock gives rise to the strongest presumption known to the law. She is presumed to be the child of James, Rebecca's husband. *J. M. L. v. C. L.*, 536 S.W.2d 944, 945 (Mo.App.1976).

■ The presumptive father has an interest in the subject matter of this litigation. A judgment declaring Amber to be the child of Leland deprives James of the parental rights which he had as of the time the suit was filed. Such a judgment would affect an important status.

Before his status can be changed and before he can be deprived of his rights with respect to the child he is entitled to notice of the pending action and has a right to be heard in accordance with the concept of due process of the constitutions of this state and of the United States. *J. M. L. v. C. L.*, *supra* at 946. James is an indispensable party to this litigation. Rule 52.04(b).

In this case Amber's mother was seeking to have her declared a bastard and to deprive the child of any rights she might have with respect to James, the presumptive father. Amber had substantial interests which could conflict with the interests of her mother and which could not be fully protected by her mother acting as next friend of Amber. Her interests would be better protected by the appointment of a guardian ad litem other than her mother. *J. M. L. v. C. L.*, *supra* at 947.

The case is reversed and remanded for a new trial in accordance with the views expressed herein.

STEPHAN, P. J., and KELLY, J., concur.