Daniel Louis LECHNER,
Plaintiff–Appellant,

v.

Zachary Cole WHITESELL, a minor by his next friend Dana Michele WHITE-SELL and Dana Michele Whitesell, Individually, Defendants–Respondents.

No. 17173.

Missouri Court of Appeals,
Southern District,
Division One.

July 1, 1991.

John A. Parks, Humansville, for plaintiff-appellant.

Samuel J. Short, Jr., Stockton, Max W. Foust, Foust, Strother & Frickleton, Kansas City, for defendants-respondents.

PREWITT, Judge.

Plaintiff filed a "Petition for Declaration of Paternity and Order of Temporary Custody and Visitation". The petition was styled as set forth above except for "Appellant" and "Respondents". In it plaintiff alleged that he was bringing the action against his child Zachary Cole Whitesell "by his next friend, DANA MICHELE WHITESELL", and against Dana Michele Whitesell "in her capacity as next friend for ZACHARY COLE WHITESELL, and individually."

Plaintiff sought a declaration that he was the father of Zachary and "liberal rights of temporary custody and visitation" setting forth certain times he wished to have the child. In his brief he states that his suit was "to establish his paternity under the Missouri Uniform Parentage Act, Sections 210.817 to 210.852, RSMo" Supp. 1989.

"Defendants" answered, denying that plaintiff was the father of Zachary because defendants lack "sufficient information so as to form an opinion". By "Cross-Petition", "Defendants" asked the court to determine whether plaintiff was the father of the child; that Dana Michele Whitesell receive "full custody" of the child; that if plaintiff is the father that he pay support, medical and dental expenses for the child; that plaintiff pay defendants suit money, attorney fees and costs; that if plaintiff is the father that he receive "supervised visitation". By separate count of the "Cross-Petition", "Defendants" sought that if it is determined plaintiff was the father of the child that he "reimburse the Defendant Dana Michele Whitesell for all sums expended for the birth of the Defendant, Zachary Cole Whitesell, and for his support until the time of trial."

Following non-jury trial at which the parties stipulated that plaintiff was the father of Zachary Cole Whitesell, the court determined that Dana Michele Whitesell have custody and that plaintiff have limited and supervised visitation. Defendant Dana Michele Whitesell was awarded child support of $250 per month, $3,500 for expenses incurred in the child's birth and "for necessaries furnished for Zachary Cole Whitesell from his date of birth to time of trial." She was also awarded $1,000 attorney fees.

Plaintiff-Appellant raises four points on appeal. By his first point he contends that his visitation privileges are erroneously restrictive. The second point states that there was insufficient evidence to render the award of $3,500. The third point alleges that sanctions should have been awarded him under Rule 55.03 and the remaining

point states that the award of attorney fees should be limited or reduced.

Zachary Cole Whitesell was born March 15, 1989. Plaintiff and Dana Michele Whitesell had been dating and having sexual intercourse prior to his birth. They never married and apparently are both still unmarried. Section 210.830, RSMo Supp. 1989, a part of the "Uniform Parentage Act" under which plaintiff purports to proceed, states in part that the:

"child shall be made a party to any action commenced under sections 210.817 to 210.852. If he is a minor, he may be represented by a next friend appointed for him for any such action. The child's mother or father may represent him as his next friend."

By referring only to "next friend" the statute apparently assumes that the child will be proceeding as a plaintiff. Rule 52.02(a) provides when there is no guardian a next friend can be appointed to commence a civil action by a minor. Civil actions against minors "shall not be prosecuted any further until a guardian or guardian ad litem for such minor defendant be appointed". Rule 52.02(e).

■ The function and powers of a next friend and a guardian ad litem are different. The next friend normally prosecutes action and a guardian ad litem defends actions. Nevertheless, they are both officers of the court and their rights and duties are basically the same. *State ex rel. Schwarz v. Ryan,* 754 S.W.2d 949, 951 (Mo. App.1988). *Ryan* held that although a person was appointed "next friend", he was acting as a guardian ad litem and was treated as such. It has also been stated that a guardian ad litem is the more unique position, as the guardian ad litem represents an interest brought into court involuntarily. *Tracy v. Martin,* 363 Mo. 108, 249 S.W.2d 321, 323 (banc 1952). Appointing a guardian ad litem is for the benefit of the child, not the parties. *In re Marriage of B.,* 619 S.W.2d 91, 93 (Mo.App.1981).

■ Neither in the docket sheets nor anywhere else in the record is there an indication that a next friend or guardian ad litem was appointed for the child. Merely alleging that Dana Michele Whitesell was the mother and next friend does not make her the next friend or guardian. See *State ex rel. Marlowe v. Nolan,* 347 Mo. 124, 146 S.W.2d 598, 600 (1941).

■ In "any case where, by pleading or evidence, the paternity of a child becomes an issue, the trial court shall appoint a guardian ad litem in all future cases." *S.___ v. S.___,* 595 S.W.2d 357, 363 (Mo. App.1980). The appointment of a guardian ad litem for a minor child is more than a mere technical defense, it is mandatory and a suit shall not be prosecuted further until such a guardian is appointed. *St. Louis U. Trust Co. v. Conant,* 536 S.W.2d 789, 797 (Mo.App.1976). In an action where a child's paternity is at issue, the child should be joined as a party. *J.M.L. v. C.L.,* 536 S.W.2d 944, 946 (Mo.App.1976). A guardian ad litem should be appointed to represent the child since the litigation purports to make a binding effect on his status. *Id.* at 947. See also *Amber B. v. Leland S.,* 592 S.W.2d 201, 202 (Mo.App.1979). Under § 452.423.1, RSMo Supp.1988 (since amended, see RSMo Supp.1990), it has been held error not to appoint a guardian ad litem even if not requested by the parties. See *McCormick v. McCormick,* 807 S.W.2d 556, 557 (Mo.App.1991).

■ In this case, although there may be little, if any, issue as to who the child's father is, the statute and cases require that a representative be appointed for the child. The child has interests aside from paternity, some of which may conflict with his mother's views, such as contact with his father.

■ Failure to appoint a guardian ad litem for a minor although not resulting in a void judgment is reversible error on a direct appeal. *McDaniel v. Lovelace,* 439 S.W.2d 906, 911 (Mo.1969). The predecessor to this district held that in any proceeding against an infant they are a ward of the court and their rights are to be carefully guarded, and it is "plain error in proceeding to final judgment against a minor defendant not represented by a guardian".

*Morgan v. Morgan,* 289 S.W.2d 151, 153 (Mo.App.1956).

The judgment is reversed and the cause remanded to the trial court for the appointment of a guardian ad litem for Zachary Cole Whitesell and thereafter for further proceedings.

MAUS, P.J., and CROW, J., concur.