**S.J.V., by his next friend, Paula Ruth BLANK, and Paula Ruth Blank, individually, Plaintiffs/Respondents,**

v.

**Ronnie Eugene VOSHAGE, Defendant/Appellant.**

No. 62841.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 17, 1993.

Walter S. Drusch, Cape Girardeau, for defendant, appellant.

J. Patrick O'Loughlin, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, for plaintiffs-respondents.

AHRENS, Presiding Judge.

Plaintiff, a minor child, and his mother brought an action to establish paternity and seeking monetary awards for medical costs, child support, loss of wages and attorney's fees. Defendant subsequently admitted pa-

ternity. After hearing, judgment was entered against defendant for child support and various expenses incurred by the mother as a result of the birth of plaintiff and in bringing this case.

Defendant's appeal alleges error in the trial court's failure to appoint a next friend or guardian ad litem for plaintiff, a minor child. Plaintiff cross-appeals the trial court's denial of plaintiff's motion for attorney fees on appeal.

■ The issue presented by defendant is whether the statutory language of the Uniform Parentage Act (UPA) § 210.830 creates a mandatory requirement that a next friend be appointed or whether such appointment is left to the discretion of the trial court.

Section 210.830 RSMo Supp.1989 states: The child shall be made a party to any action commenced under sections 210.817 to 210.852. If he is a minor, he may be represented by a next friend appointed for him for any such action. The child's mother or father may represent him as his next friend.

In *Lechner v. Whitesell,* 811 S.W.2d 859 (Mo.App.1991), a putative father brought an action seeking a declaration that he was the father of the child and seeking the right of temporary custody and visitation. The trial court granted custody to the mother and the father was awarded limited and supervised visitation. On appeal, the court cited *Morgan v. Morgan,* 289 S.W.2d 151 (1956) in holding "it is plain error in proceeding to final judgment against a minor defendant not represented by a guardian." *Lechner,* 811 S.W.2d at 861.

The *Lechner* court contemplated the language of § 210.830 but did not apply it. Since the minor child in *Lechner* was the defendant, the court used Rule 52.02(e) rather than § 210.830 to decide the case. Rule 52.02(e) states that civil actions against minors "shall not be prosecuted any further until a guardian or guardian ad litem for such minor defendant be appointed."

■ *Lechner* and the present case are very similar except that the minor child in *Lechner* was named as a defendant and the

minor child in the instant case brought the action as plaintiff. This procedural difference is used to determine whether a guardian ad litem or a next friend is to be appointed to represent the interests of the minor party. "The next friend normally prosecutes action and a guardian ad litem defends actions." *Lechner,* 811 S.W.2d at 861. It has been stated, however, "they are both officers of the court and their rights and duties are basically the same." *State ex rel. Schwarz v. Ryan,* 754 S.W.2d 949, 951 (Mo.App.1988).

■ The issue of mandatory or discretionary appointment of a next friend in UPA cases necessitates consideration of § 210.830. "In construing a statute, the legislative intent is to be determined from the language used in the statute and words are to be considered in their plain and ordinary meaning." *Matter of A_ F_,* 760 S.W.2d 916, 918 (Mo.App. 1988); *State v. Adkins,* 678 S.W.2d 855, 859 (Mo.App.1984); *Benham v. Cox,* 677 S.W.2d 429, 431 (Mo.App.1984). § 210.830 states that in actions brought under the UPA, a minor child *may* be represented by an appointed next friend. The word "may", when considered in its plain and ordinary meaning, does not mandate the action which follows it. Rather, it "implies alternate possibilities and that the conferee of the power, in this case the court, has discretion in the exercise of the power." *State v. Patterson,* 729 S.W.2d 226, 228 (Mo.App.1987). In the context of the statute, the use of the words "may be represented by an appointed next friend" appears to leave the choice of whether or not to appoint a next friend in UPA cases within the discretion of the trial court.

■ This statutory grant of discretion, however, must be considered in conjunction with Rule 52.02(a), which states "[c]ivil actions by minors may be commenced and prosecuted *only* by a duly appointed guardian of such minor, or, if there is no such guardian, by a next friend *appointed for him* in such civil action." (emphasis added). The Rules of Civil Procedure supercede all stat-

utes which are inconsistent with them. Rule 41.02. When there is a conflict between the rules and statutes affecting procedural rights, the rule prevails. *Ridgeway v. Asibem, Inc.,* 810 S.W.2d 352, 354 (Mo.App. 1991). In this case, § 210.830 is a statute dealing with procedural rights in UPA cases. Therefore, to the extent § 210.830 is inconsistent with Rule 52.02(a), we find Rule 52.-02(a) controls the appointment of a next friend in actions brought by minor children under the Uniform Parentage Act.

Nothing in the record indicates that a guardian ad litem or next friend was appointed for the minor child.[1] Also lacking is any finding pursuant to Rule 52.02(m) that the interests of the minor child were adequately protected, notwithstanding the court's failure to appoint a next friend.[2] Even though this case mainly involved issues of paternity, "the child has interests aside from paternity, some of which may conflict with his mother's views, such as contact with his father." *Lechner,* 811 S.W.2d at 861. Consequently, the trial court committed reversible error in failing to appoint a next friend for the minor child S.J.V.

■ On her cross-appeal, plaintiff contends the trial court erred in denying plaintiff's motion for attorney fees for work done on appeal. The trial court denied the motion for lack of jurisdiction, finding that more than thirty days had elapsed since the judgment. Prior to adoption of the UPA, a trial court had equitable jurisdiction to award attorney's fees in paternity suits. *Robinett v. Robinett,* 770 S.W.2d 299, 305 (Mo.App.1989). The UPA now allows the court to order reasonable fees for counsel. § 210.842 RSMo Supp.1988. *Schulze v. Haile,* 840 S.W.2d 263, 267 (Mo.App.1992). The UPA grants the trial court continuing jurisdiction to modify a judgment or order entered under the UPA. § 210.845 RSMo Supp.1988. We find the trial court had continuing jurisdiction under these statutory provisions to hear

---

1. Mother asserted in her pleadings that she was proceeding as next friend, but there was no petition, written consent or order of appointment of next friend by the court as required by Rule 52.02.

2. No transcript was filed, and we are unable to determine from the record whether the interests of the child were adequately protected.

plaintiffs' motion for attorney's fees on appeal.

The trial court is in the best position in this case to make a determination on plaintiff's motion for attorney's fees. Accordingly, we make no finding on the merits of plaintiff's motion, but leave it to the discretion of the trial court on remand.

The judgment is reversed and the cause remanded to the trial court for the appointment of a next friend for S.J.V. and thereafter for further proceedings, including disposition of plaintiffs' motion for attorney's fees on appeal.

REINHARD and CRIST, JJ., concur.