Yvonne ROYSTON, Respondent,

v.

Gene STAYTON, Appellant.

No. 62913.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 24, 1993.

Edward P. Burke, Clayton, for appellant.

Yvonne Royston, pro se.

CRIST, Judge.

Paternity case. Father appeals that part of a judgment providing for retroactive child support prior to July 30, 1990. We reverse and remand that part of the judgment providing for retroactive child sup-

port for a period of five years prior to May 12, 1988, the date Mother filed her petition.

On May 12, 1988, Mother filed a petition for declaration of paternity alleging Father is the biological father of her child, A.S., born on February 17, 1976 in St. Louis County. Mother asked for custody of A.S. with reasonable visitation for Father. She further requested the court order child support. On July 30, 1990, pursuant to the parties' stipulation, the trial court entered its order that Father was the biological father of the child and providing for interim child support.

■ On August 20, 1992, the trial court entered its judgment ordering Father to pay retroactive child support of $21,785 for the "necessary support" provided by Mother from May 12, 1983 to August 16, 1992, less any payments made by Father pursuant to the consent order of July 30, 1990. In arriving at that sum, the court applied Rule 88.01 and Civil Procedure Form No. 14, calculating the amount Father would have paid each year based on the incomes of Mother and Father in the relevant years. The court further stated in its findings:

> Mother introduced no evidence of her expenses in raising the minor child during the period prior to the filing of her Petition and has requested support for the minor child for the five years immediately preceding the filing of her Petition solely in reliance on Father's earnings during said period.

Father's sole point on appeal is the trial court erred in applying the child support guidelines to determine his obligation for past support, because it failed to consider whether Mother had furnished reasonable necessaries for A.S.

The Uniform Parentage Act (UPA), § 210.841, RSMo Supp.1992, provides the court "may limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just." Further, the act also states:

> A parent's retroactive liability to another party for reimbursement of necessary support provided by that party to the child ... is limited to a period of five

years next preceding the commencement of the action.

§ 210.828, RSMo Supp.1992.

■ The Western District has interpreted this language of the UPA to preclude a trial court from using Rule 88.01 and Form No. 14 to calculate retroactive child support. *Schulze v. Haile*, 840 S.W.2d 263, 266[3] (Mo.App.1992). In that case, the trial court calculated the retroactive child support by multiplying the amount of prospective child support by the number of months from the child's birth to the entry of the order of paternity. The court rejected that calculation, holding the prior law of reimbursement of necessaries is still applicable to determining past child support in a paternity action. *Id.* However, this court in *Roberts v. Alford*, 832 S.W.2d 331, 332–33[3] (Mo.App.1992), affirmed an award of back child support in a paternity action where the award was retroactive to the date of the filing of the action.

The trial court erred when it applied the child support guidelines of Rule 88.01 and relied solely on evidence of the incomes of Father and Mother to calculate Father's past child support obligation from May 12, 1983 to May 12, 1988, the date Mother filed her petition. The court should have relied upon the reasonable value of necessaries supplied to the child by Mother for that five years. *Landoll by Landoll v. Dovell*, 778 S.W.2d 846, 848[5] (Mo.App.1989).

We reverse and remand that part of the judgment providing for retroactive child support for a period of five years prior to May 12, 1988, the date Mother filed her petition, to permit evidence of necessaries furnished and the liability of each party for such necessaries.

AHRENS, P.J., and REINHARD, J., concur.