STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Division of Family Services ex rel. C.G. by L.B., Next Friend, and L.B., Individually, Petitioners–Respondents,

v.

W.L.J., Respondent–Appellant.

No. 18978.

Missouri Court of Appeals, Southern District, Division Two.

May 12, 1994.

David J. Kueter, Steelville, for respondent-appellant.

Vicky K. Ruth, Dept. of Social Services, Div. of Legal Services, Jefferson City, for petitioners-respondents.

PREWITT, Judge.

The parties will be referred to as they were denominated in the petition. Petitioners sought a declaration that respondent was the father of C.G., a minor child, an order for support and for reimbursement of necessaries. A jury concluded that defendant was the father of the child. Thereafter, the trial court entered judgment in accordance with the verdict, generally for the relief petitioners sought. Respondent appeals, presenting four points relied on.

For his first point respondent contends that the trial court erred in overruling his motion to dismiss or in the alternative his motion to make more definite and certain "in that petitioners' pleading fails to state facts

in which relief can be granted but states only conclusions of law."

We first consider the motion "to make more definite and certain". Rule 55.27(d) provides for a motion for a more definite statement "of any matter contained in a pleading that is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required."

■ Respondent's motion does not set forth what part of the petition should be made more definite but states only: "Petitioners fail to aver facts with sufficient definiteness or particularity to enable him to properly prepare his responsive pleadings and to prepare a defense." The generality of the motion alone was a sufficient basis for the trial court to deny it. Motions "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Rule 55.26(a).

■ We also conclude that the petition stated a claim upon which relief can be granted. Review of a motion to dismiss for failure to state a claim for which relief can be granted requires this court to allow the petition its broadest intendment, treating all facts alleged as true, construing the allegations favorably to determine whether they invoke principles of substantive law entitling plaintiff to relief. *DeMarr v. Kansas City, Mo., School District*, 802 S.W.2d 537, 539 (Mo.App.1991). So viewed, the petition was sufficient.

Respondent contends that there is no allegation that he is the father of the child. That contention has no merit. The petition alleges the child "is the minor child of petitioner, [L.B.], and respondent, [W.L.J.]". Point one is denied.

■ Among the points respondent raises is his contention that contrary to the recitation in the style of this matter, no next friend was appointed for the minor child. The record does not show that a next friend was appointed and petitioners acknowledge that none was appointed. Generally, when no next friend is appointed for a minor child, required to be made a party, see § 210.830, RSMo Supp.1987, the cause must be reversed and remanded. *S.J.V. v. Voshage*, 860 S.W.2d 802 (Mo.App.1993). *See also Lechner v. Whitesell*, 811 S.W.2d 859 (Mo. App.1991).[1]

Petitioners contend that no error was committed in the present case, relying on Rule 52.02(m) which states:

> **(m) Failure to Appoint Next Friend or Guardian Ad Litem.** Failure to appoint a next friend or guardian ad litem for a minor or a mentally or physically infirm person shall not invalidate the proceedings if the court finds that the interests of the minor or the mentally or physically infirm person were adequately protected.

Respondent primarily relies upon *S.J.V.* and *Lechner* where they state that the child may have interests which conflict with his mother's views "such as contact with his father". *S.J.V.*, 860 S.W.2d at 804; *Lechner*, 811 S.W.2d at 861. *Lechner* involved an action brought by the father seeking a declaration that he was the father of the child and temporary custody and visitation. *S.J.V.* also apparently involved issues other than the financial aspect of child bearing and raising. *S.J.V.* noted that as no transcript was filed, the court was unable to determine whether the interests of the child were protected. 860 S.W.2d at 804, n. 2.

Here, there was nothing involved except financial matters and the record indicates that upon the issues presented, the child's interests were adequately protected. This point is denied.

■ Respondent contends that the court erred in admitting a picture of the child for the jury to see "in that it was not the best evidence since the petitioner was capable of being present and no proper foundation was laid." Under this point respondent cites one case, *Dockery v. Mannisi*, 636 S.W.2d 372 (Mo.App.1982), quoting from it at 375: "It is

---

1. The petition was filed on June 6, 1988. The Uniform Parentage Act § 210.817–.852 was effective July 15, 1987. Since then various sections of the act, including § 210.830 have been amended. See RSMo Supp.1993. Those amendments do not change the result here.

an elementary principle of law of evidence that the best evidence of which the case in its nature is susceptible and which is within the power of the party to produce, or is capable of being produced, must always be produced in proof of every disputed fact".

*Dockery* involved a written document and the quote is taken out of context. "The best evidence rule does not strictly prohibit secondary evidence; it merely embodies the law's preference for the best evidence capable of production." *Berkel & Co. Contractors v. Jem Development Corp.,* 740 S.W.2d 683, 686 (Mo.App.1987). See also *Klein v. General Elec. Co.,* 714 S.W.2d 896, 903 (Mo.App. 1986).

■ The trial court's decision to admit photographs is disturbed only where an appellate court finds an abuse of discretion. *Lonning v. Leonard,* 767 S.W.2d 577, 580 (Mo.App.1988). This includes situations where photographs may show physical resemblance between a child and a person who may be its father. *Id.* Under these circumstances there was no abuse of discretion in admitting the photograph.

Respondent asserts in his remaining point that the trial court lost jurisdiction by dismissing the case and then reinstating it. Respondent asserts the reinstatement violated Rule 75.01 as he did not have an opportunity to be heard. Lack of notice and opportunity to be heard is not established by the record. This contention is denied.

The judgment is affirmed.

CROW and GARRISON, JJ., concur.