908 S.W.2d 383 (1995)
STATE of Missouri, ex rel. DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT and Chelsea Ann Woods, by Melissa Ann Woods, as Next Friend and Melissa Ann Woods, Respondents,
v.
Dennis Herman KOBUSCH, Appellant, and
Donald Ray Woods, Sr.
No. 67145.
Missouri Court of Appeals, Eastern District, Division Five.
October 31, 1995.
*384 Daniel W. Deiter, Montgomery City, for appellant.
Maureen Monaghan, Jefferson City, for respondents.
Donald Ray Woods, Sr., Hermann, pro se.
SIMON, Judge.
Dennis Kobusch, appellant, appeals a judgment in favor of the State of Missouri, Department of Social Services, and Chelsea Woods (Chelsea) by next friend Melissa Woods (Melissa), respondents, in an action to establish paternity pursuant to the Uniform Parentage Act, § 210.817 RSMo.1993 (all further statutory references shall be to RSMo. 1993 unless otherwise noted).
On appeal, appellant contends that the trial court erred in: 1) admitting into evidence the results of a blood test, in that said test failed to conform to the statutory requirements of § 210.834; 2) failing to appoint a guardian ad litem for Chelsea; 3) entering a judgment against appellant in that respondents failed to meet their burden of proof to prove paternity; and 4) entering a judgment against appellant in the amount of $2,920.00 for support and necessary expenses provided by the State of Missouri for Chelsea in that said amount was not supported by the evidence. We affirm in part, and reverse and remand in part.
We shall affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32[1-3] (Mo. banc 1976). Further, as trier of fact, it is the function, indeed the duty, of the trial court to decide the weight and value to be given to the testimony of any witness. Wynn v. Wynn, 738 S.W.2d 915, 918[1] (Mo.App.1987). On appeal, we view the evidence in manner favorable to the judgment and disregard contradictory evidence. Id. We defer to the trial court even if the evidence could support a different conclusion. Id.
The record shows respondents filed a first amended petition against appellant seeking: a) a declaration of paternity; b) an order of support; and c) recovery of necessary support. Appellant filed an answer denying the allegations of respondents' first amended petition. Respondents then filed a motion for blood testing, and blood tests were taken for Chelsea, Melissa, and appellant.
At trial, Melissa testified that she is the mother of Chelsea who was born on May 16, 1992, and that she and appellant had sexual intercourse one time in August of 1991. She and appellant were not married. However, Melissa and her husband Donald Woods, Sr., had been residing together from the date of their marriage, April 26, 1985, until roughly August of 1992, three months after the birth of Chelsea. Melissa and Donald, Sr., engaged in sexual intercourse on a weekly basis, and used reliable contraceptive devices. Melissa and Donald, Sr., are the parents of a son, Donald, Jr., age seven.
Donald, Sr., is shown as Chelsea's father on her birth certificate, and he held out Chelsea as his daughter.
The blood tests revealed that there was a 99.99% chance that appellant is Chelsea's father. Appellant objected to the admission of the tests on the grounds of lack of chain of custody, lack of foundation, hearsay, and that the test was not in conformity with the applicable statute, § 210.834. The objections were overruled. The trial court also received into evidence, over appellant's objection, respondents' exhibits showing expenditures by *385 the Department of Social Services, Division of Family Services for the benefit of Melissa, Chelsea, and Donald, Jr. The total amount of the expenditures was $2,920.00.
The trial court rendered judgment in favor of respondents, finding that appellant was the father of Chelsea, ordering appellant to pay $170.43 per month in child support, $197.22 per month if he fails to provide medical insurance, and ordering appellant to pay $2,920.00 for reimbursement to the State for necessary support.
In his first point on appeal, appellant contends that the trial court erred in admitting the blood test into evidence because the test failed to conform to the statutory requirements of § 210.834 in that the court failed to order that the presumed father, Donald Woods, Sr., have his blood tested. Respondent contends that the trial court did not err in that appellant failed to timely object to the blood tests.
Section 210.834.5 provides in pertinent part:
Verified documentation of the chain of custody of the blood or tissue specimens is competent evidence to establish such chain of custody. A verified expert's report shall be admitted at trial as evidence of the blood test results stated therein unless a written motion challenging testing procedures or the results has been filed and served on each party at least twenty days before trial, and the motion is sustained by the trial court. (emphasis ours).
A claim of error in the admission of blood tests is foreclosed by § 210.834.5 if a motion challenging testing procedures or results is not timely filed and sustained. State, Div. of Family Serv. v. Williams, 861 S.W.2d 592, 594[2] (Mo.App.1993). The correct procedure for attacking the admission of test results on appeal is to claim error in the trial court's denial of such motion. State Ex. Rel. K.R. by May v. Brashear, 841 S.W.2d 754, 757[6, 7] (Mo.App.1992). Here, appellant did not file a motion challenging the blood tests twenty days before trial, but instead, objected when the blood test results were offered into evidence. Point denied. See Williams, supra.
In his second point on appeal, appellant contends that the trial court erred in failing to appoint a guardian ad litem for Chelsea because there is a conflict of interest in that Melissa will receive the benefit of appellant's child support payments.
The function and powers of a next friend and a guardian ad litem are different. The next friend normally prosecutes actions and a guardian ad litem defends actions. Lechner v. Whitesell by Whitesell, 811 S.W.2d 859, 861[1,2] (Mo.App.1991). Nevertheless, they are both officers of the court and their rights and duties are basically the same. Id. A guardian ad litem represents an interest brought into the court involuntarily and the appointment is for the benefit of the child rather than the parents. Id. The trial court's right to appoint a guardian ad litem is discretionary. Landoll by Landoll v. Dovell, 779 S.W.2d 621, 627[8] (Mo.App.1989). Furthermore, § 210.830 provides that the court shall appoint a guardian ad litem for a child only if child abuse or neglect is alleged, or if the child is a named defendant or if the court determines that the interests of the child and her next friend are in conflict.
Here, Melissa was appointed next friend for Chelsea. There were no allegations of abuse or neglect and no evidence presented regarding the same. However, appellant contends that a conflict of interest exists between Melissa and Chelsea in that Melissa will receive the benefit of appellant's child support payments.
This is indeed a far-reaching and specious argument. Here, the child support ordered by the trial court is for the benefit of Chelsea, not Melissa. The record does not reveal acrimony or hostility between the parties. Point denied. See State ex rel. O.H. v. J.F.P., 891 S.W.2d 856, 860[4,5] (Mo.App. 1995).
In his third point on appeal, appellant contends that the trial court erred in finding in favor of respondents in that respondents failed to meet their burden of proof to disprove the paternity of the presumed father and thereafter prove the paternity of appellant. *386 Respondents contend they met this burden by introducing into evidence the results of the blood test and the pattern of sexual relations between the parties.
Sections 210.822 and 210.826 provide in pertinent part:
210.822 Presumption of paternityrebuttal of presumption, standard of proof
1. A man is presumed to be the natural father of a child if:
(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within three hundred days after the marriage is terminated....
2. A presumption under this section may be rebutted in an appropriate action only by clear and convincing evidence....
210.826 Determination of father and child relationship, who may bring action, when action may be brought
1(2). For the purpose of declaring the nonexistence of the father and child relationship presumed under subdivision (1), (2), or (3) of subsection 1 of section 210.822 only if the action is brought within a reasonable time after obtaining knowledge of relevant facts, but in no event later than five years after the child's birth. After the presumption has been rebutted, paternity of the child by another may be determined in the same action, if he has been made a party. (emphasis ours).
Here, Chelsea was born during the marriage of Melissa and Donald, Sr., therefore, Donald, Sr., is the presumed father of Chelsea. § 210.822.1(1). The record shows that appellant and Melissa had unprotected sexual intercourse while Melissa and Donald, Sr., used reliable contraceptive devices. Furthermore, the verified blood tests admitted into evidence showed a 99.99% probability that appellant is the father of Chelsea. Therefore, the trial court's determination that appellant is Chelsea's father is supported by clear and convincing evidence, and respondents successfully rebutted the presumption that Donald, Sr., is the father.
Appellant cites P.L.K. v. D.R.K., 852 S.W.2d 366 (Mo.App.1993), for the proposition that a presumption of paternity must first be rebutted before paternity by another man can be established. However, appellant's reliance is misplaced. In P.L.K., the court held that the paternity action filed by the child was barred by the statute of limitations. The court did state in dicta that the presumption of paternity must be rebutted before paternity of another man can be established, but the case does not state that the presumption cannot be rebuttedand then paternity of another man establishedin the same hearing. In fact, § 210.826.1(2) provides that both may be accomplished in the same hearing. As a result, respondents met their burden of proof. Point denied.
In his final point on appeal, appellant contends that the trial court erred in entering judgment against him for $2,920.00 for support provided by the State of Missouri to Chelsea in that said amount was not supported by the evidence.
Under the Uniform Parentage Act, a parent's retroactive liability for child support is limited to reimbursement of necessary expenses. Shadwick v. Byrd, 867 S.W.2d 231, 235-236[7-9] (Mo.App.1993). The party claiming entitlement to back support assumes the burden of proof. Id.
Here, the record shows that between October 22, 1992, and September 10, 1993, Melissa received $2,920.00 in AFDC payments from the State. Melissa then assigned her rights to child support for that period to the Missouri Department of Child Support Enforcement. However, Melissa testified that these funds were spent on Chelsea, Donald, Jr., and herself. Furthermore, the record fails to distinguish between Melissa's, Chelsea's, and Donald Jr.'s individual expenses during the relevant time period. As a result, the record contains insufficient evidence from which a determination can be made of the necessary expenses incurred by Melissa on behalf of Chelsea. Therefore, respondents have failed to meet their burden of proof and the trial court erred in entering judgment against appellant for $2,920.00. See Schulze v. Haile, 840 S.W.2d 263, 266-267[5] (Mo.App.1992). Therefore, the case is reversed and remanded so that evidence of *387 the necessary expenses, if any, incurred by Melissa on behalf of Chelsea may be presented.
The judgment of the trial court is affirmed in part, reversed in part and remanded.
CRANE, P.J., and TURNAGE, Senior Judge, concur.