Adrianne Michelle BARR, Andrea Michelle Barr, Jeffrey Paul Barr, Travis Michael Barr, and Ryan Matthew Schaeffer, By Their Next Friend, Darla A. MacMillan, Plaintiffs/Appellants,

v.

Michael BARR, and Thaddeous Hockenberry, Defendants/Respondents.

No. 22414.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 26, 1999.

James L. Thomas, of Waynesville, MO., for appellant.

No attorney for Respondent.

ROBERT S. BARNEY, Judge.

Appellants Adrianne Michelle Barr, Andrea Michelle Barr, Jeffrey Paul Barr, Travis Michael Barr, and Ryan Matthew Schaeffer ("Appellants"), through their next friend, Darla MacMillan ("Mother"), appeal the trial court's granting of Respondent Michael Barr's motion to dismiss their petition for change of name. Appellants are the minor children of Mother. Michael Barr ("Barr") is the Biological father of four of Appellants. Thaddeous Hockenberry ("Hockenberry") is

the biological father of Ryan Matthew Shaeffer, the fifth appellant. Hockenberry is not a party to this appeal. Appellants seek to change their last names to MacMillan.[1]

An examination of the relevant procedural history of this case is essential to an understanding of the issue on appeal. On February 14, 1997, in Case No. CV596–0457 DR, a dissolution of marriage proceeding between Mother and Christopher A. MacMillan, Mother filed a "Count II First Amended Petition for Equitable Adoption," in which she requested, *inter alia*, that the court hold Christopher MacMillan had equitably adopted Appellants and further requested that Appellants' names be changed by "adding the name of MacMillan to the end of their names." Although not clearly shown in the record, Barr and Hockenberry were apparently named as third party defendants in the proceeding.

The next event relevant to our review occurred on or about June 26, 1997, when Mother voluntarily dismissed her "third party petition against third party Defendants Barr and Hockenberry." The voluntary dismissal recited that Mother was dismissing her petition "with prejudice."

Subsequently, on February 27, 1997, in Case No. CV597–0201DR, Appellants filed their petition for name change through their "Next Friend Darla Ann MacMillan." The record shows that at the time the petition was filed Mother had not yet been appointed next friend. *See* Rule 52.02(a).[2] Respondent Barr filed a motion to dismiss on this basis but withdrew the motion when, on August 1, 1997, Mother filed her motion to be appointed as Appellants' next friend. Mother was duly appointed next friend to Appellants August 8, 1997.

On June 2, 1998, Barr filed another motion to dismiss claiming the petition failed to "state a claim upon which relief can be granted" and claiming the court was without "subject matter jurisdiction to hear the cause of

---

1. Respondent Barr has filed no brief. "While there is no penalty prescribed for the failure to file a brief, we are required to decide the case without the benefit of that party's authorities and points of view." *Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 479 n. 3 (Mo.App.1996).

2. All rule references are to Missouri Court Rules (1997), unless otherwise designated.

action." The trial court sustained Barr's motion to dismiss on June 17, 1998, finding it had no subject matter jurisdiction in that Mother's June 26, 1997, voluntary dismissal "with prejudice" of her previous third party petition against Respondents barred "assertion of the same cause of action, same being a request for change of name, in that the above-referenced cause of action, as well as said equitable adoption cause of action, were against the same parties."

It is noteworthy to observe that the trial court corrected its judgment on July 10, 1998, to include the express finding that Appellants "were not parties to the Equitable Adoption filed by [Mother]; and that further the court [found] that no Guardian Ad Litem or Next of Friend were appointed for the minor children in the Equitable Adoption proceedings." *See* § 507.110, RSMo 1994; Rule 52.02.

█ In their sole assertion of trial court error, Appellants complain that the trial court erred in sustaining Respondent Barr's motion to dismiss because Appellants were not parties to the previous Equitable Adoption count in Case No. CV596–0457DR and they were not represented by next friend or guardian ad litem. Therefore, Appellants maintain that there did not exist the required identity of parties for their present cause of action to be barred by the previous dismissal. *See* Rule 67.01.

We shall affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *State Dep't of Soc. Servs. v. Kobusch,* 908 S.W.2d 383, 384 (Mo. App.1995); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

█ "[I]n any proceeding involving minors, they are to be considered 'wards of the court and their rights are to be jealously guarded as provided by statute.' " *Y.W. v. National Super Markets, Inc.,* 876 S.W.2d

785, 787 (Mo.App.1994)(*quoting Morgan v. Morgan,* 289 S.W.2d 151, 153 (Mo.App.1956)). "The function and powers of a next friend and a guardian ad litem are different." *Lechner v. Whitesell,* 811 S.W.2d 859, 861 (Mo.App.1991). "The next friend normally prosecutes action and a guardian ad litem defends actions." *Id.* "Nevertheless, they are both officers of the court and their rights and duties are basically the same." *Id.* Merely alleging that the mother is the next friend does not make her the next friend or guardian. *See id.*

█ In review of Appellants' point of error, we initially observe that Rule 67.01, in pertinent part, states "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the same party." Rule 67.01. In *Vandever v. Junior College Dist. of Metro. Kansas City,* 708 S.W.2d 711 (Mo.App.1986), the court had to decide whether a cause of action was barred by a prior involuntary dismissal with prejudice under former Rule 67.03, a rule containing similar language to that of Rule 67.01.[3] The court held the suit was barred if it asserted "the same cause of action or claim" as had been asserted in the previous suit and if "the present plaintiff was a plaintiff in the first suit and the present defendant was a defendant in the first suit," *Vandever,* at 715. We also observe the general rule that the common law and statutory right to change one's name belongs to the individual whose name is being changed. *Newsom v. Newsom,* 976 S.W.2d 33, 40 (Mo.App.1998). Further, "(e)very civil action shall be prosecuted in the name of the real party in interest. . . ." Rule 52.01. As to minors, Rule 52.02(a) provides:

Civil actions by minors may be commenced and prosecuted *only* by a duly appointed guardian of such minor or, if there is no such guardian, by a next friend appointed in such civil action; if asserted by counterclaim, cross-claim or third party pleadings, such civil action may only be prosecuted by a duly appointed guardian of such minor

---

3. The text of former Rule 67.03, in pertinent part, read:

A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party.

Rule 67.03, Missouri Court Rules (1993).

or, if there is no such guardian, by a guardian ad litem appointed for such civil action.

Rule 52.02(a) (emphasis added); *see S.J.V. v. Voshage*, 860 S.W.2d 802, 804 (Mo.App.1993). The lone exception to the general rule that the right to change one's name belongs to the individual and that an action to do so must be brought in the individual's name arises from a trial court's authority to change the name of a minor in a dissolution proceeding. *Neal v. Neal*, 941 S.W.2d 501, 503–04 (Mo. banc 1997); *Newsom*, 976 S.W.2d at 40. In *Neal*, the Supreme Court of Missouri faced the question of "whether the court in a dissolution proceeding has authority to change the name of *a child of the marriage*, or whether such a name change can be accomplished only through a change of name petition filed under section 527.270, and Rules 95.01, et seq." *Neal*, 941 S.W.2d at 503 (emphasis added). The Supreme Court stated, "[o]utside of the dissolution context, a child's name may be changed by the child's petitioning, by and through a next friend, pursuant to section 527.270, RSMO 1994, and Rule 95.01." *Id.* However, it held that "[c]onsidering ... the common law right that coexists in Missouri with any statutory right and the court's equitable powers to enter judgment on any matter in the best interests of the child, the trial court cannot be said to lack authority to change the name of a minor child in a dissolution proceeding." *Id.*(citations omitted).

However, the Supreme Court in *Neal* faced a different question than that which faces this Court. First, in Case No. CV596–0457DR, Appellants were not children "of the marriage" between Mother and Christopher MacMillan, and the pleadings requesting Appellants' change of name were set out within the separate count for Equitable Adoption and not in the count for dissolution of marriage. Second, as previously acknowledged by the trial court in its judgment, nothing in the record indicates that a guardian ad litem or next friend was appointed for the minor

children in the Equitable Adoption proceedings. Third, in its judgment the trial court failed to make a finding pursuant to Rule 52.02(m)[4] that the interests of the minor children were adequately protected during the course of the Equitable Adoption proceedings, particularly in light of the trial court's failure to appoint a next friend or guardian ad litem in the Equitable Adoption proceeding.[5] *See S.J.V.*, 860 S.W.2d at 804. We, therefore, conclude that Appellants were not parties in the proceedings in Case No. CV596–0457DR, and they are not barred under the provisions of Rule 67.01 from bringing a subsequent proceeding for a change of name under § 527.270; Rule 95.01; *see also Vandever*, 708 S.W.2d at 715.

The trial court erred as a matter of law in dismissing Appellants' petition for name change filed in Case No. CV597–0201DR. *See Kobusch*, 908 S.W.2d. at 384; *Murphy*, 536 S.W.2d at 32. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

SHRUM, P.J., concurs in separate opinion.

MONTGOMERY, J., concurs.

KENNETH W. SHRUM, Presiding Judge, concurring.

I concur in the principal opinion in all respects, including its analysis and holding.

I write separately, however, to express my view that the trial court misapplied or misinterpreted the law in holding that the previously dismissed equitable adoption count, with its incidental request for name change, was the "same cause of action or claim" brought by Appellants under § F 527.270. They are not the same causes of action or claims within the meaning of Rule 67.03.

The adoption count was grounded in equitable principles, whereas the name change under § F 527.270 was a statutorily created cause of action. A request to change these childrens' names in the equity count was only

---

4. Rule 52.02(m) provides, in pertinent part, that "[f]ailure to appoint a next friend or guardian ad litem for a minor ... shall not invalidate the proceedings if the court finds that the interests of the minor ... were adequately protected." Rule 52.02(m).

5. No transcript was filed, and we are unable to determine from the record whether the interests of the child were adequately protected.

incidental to the principal relief sought, i.e., adoption. On the other hand, a change of name proceeding under § F 527.270 does not depend for its outcome upon establishment of paternity. *L.M.K. v. D.E.K.*, 685 S.W.2d 614 (Mo.App.1985). The propriety of the name change is the principal issue in a § 4F 527.270 action. *See e.g. In re Reed*, 584 S.W.2d 103 (Mo.App.1979). The essential elements of these two actions differ, the evidence required differs, and the procedure differs.

In my view, the dismissal of the equitable adoption count "with prejudice" did not bar the filing of an action for name change under § 527.270.