**Renee D. MARTIN, and Ifedigbo C. Obiakor, by and through Renee D. Martin, Next Friend, Appellants,**

v.

**Ifeanyi C. OBIAKOR, M.D., Respondent.**

No. 74393.

Missouri Court of Appeals, Eastern District, Division Three.

March 2, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 20, 1999.

Application to Transfer Denied June 29, 1999.

Alan W. Cohen, Clayton, for appellants.

Justin C. Cordonnier, St. Louis, for respondent.

LAWRENCE E. MOONEY, Judge.

Renee Martin appeals the trial court's denial of pre-petition child support in this paternity case. We reverse and remand.

Renee Martin ("Mother"), as next friend of Ifedigbo Obiakor ("Son"), instituted a paternity action under the Uniform Parentage Act ("UPA"), Section 210.817, et. seq., RSMo. (1994) against Son's biological father, Ifeanyi Obiakor ("Father"), seeking a declaration of paternity, custody of Son, child support, and attorney's fees. The trial court entered judgment declaring Ifeanyi Obiakor to be Son's biological father and making provisions for custody, support, attorney's fees and costs. The court awarded Mother child support retroactive to the service of her petition but refused to award pre-petition child support.

Mother filed a motion for new trial arguing that the trial court erred in denying pre-petition child support which she had requested pursuant to Section 452.340.9 RSMo. (1997), a provision not within the UPA, but rather in the chapter of the Missouri statutes relating to dissolution of marriage.[1] In response, the trial court amended its judgment clarifying its reasons for denying pre-petition child support. The trial court essentially held that pursuant to *Royston v. Stayton*, 859 S.W.2d 276 (Mo.App. E.D.1993) and its interpretation of the UPA, specifically Section 210.828

RSMo. (1994), the only pre-petition child support available in paternity actions is reimbursement for necessaries, not an award of support based upon the gross income of the parties as authorized by Section 452.340.9. The trial court held that because Mother failed to prove her necessary expenses, she was not entitled to an award on this issue. Mother timely filed this appeal.

■ Mother's sole point on appeal is that "the trial court erred in refusing to apply section 452.340.9 RSMo. (1997) to this matter as one establishing a child support obligation pursuant to Section 210.817, et seq., thereby refusing to grant Plaintiff retroactive, pre-petition child support."

■ Initially, Father argues that Mother's Point Relied On fails to comply with Rule 84.04(d) in that it does not state any rule of law which the trial court should have applied or any evidentiary basis upon which to apply the rule. He contends that therefore the appeal should be dismissed as the Point Relied On preserves nothing for appellate review. We have discretion under Rule 84.08 to dismiss appeals in civil cases for failure to comply with Rule 84.04(d). However, we will not exercise our discretion even where the brief is technically deficient in the respects charged unless the deficiency impedes disposition on the merits. *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997). Any deficiency in Mother's brief does not impede our disposition on the merits, and therefore we decline to dismiss her appeal. We now turn to the merits.

Generally, our review of bench-tried cases is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc.1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

1. Section 452.340.9 is currently codified as Section 452.340.10; however, for purposes of consistency we will refer to Section 452.340.9 throughout this opinion.

In 1993, the Missouri legislature added subsection 9 to Section 452.340. Subsection 9 states:

Under this or any other chapter, when a court determines the amount owed by a parent for support provided to his child by another person prior to the date of filing of a petition requesting support ... the court ... shall use the guidelines established under subsection 8 of this section. The amount of child support resulting from the application of the guidelines shall be applied retroactively for a period prior to the establishment of a support order and the length of the period of retroactivity shall be left to the discretion of the court ... [2]

Section 452.340.8 requires the Missouri Supreme Court to adopt a rule establishing guidelines to be utilized in computing the award of child support made in any judicial or administrative proceeding. In accordance with Section 452.340.8, the Supreme Court adopted Rule 88.01, which states that the amount of child support calculated pursuant to Civil Procedure Form 14 is presumptively correct. Form 14 uses the gross income of the parties to calculate the amount of child support due.

It is undisputed that in actions filed under the UPA, the trial court is to use Rule 88.01 and Form 14 to calculate the presumptive amount of child support due retroactive to the date of filing of plaintiff's petition. Section 210.841 RSMo. (1997). It is also undisputed that prior to the addition of subsection 9 in 1993, the only support available for the period preceding the date of filing of the petition in actions to establish paternity was the reimbursement of necessary expenses. *Royston v. Stayton*, 859 S.W.2d 276 (Mo.App. E.D. 1993) [relying without analysis on *Schulze v. Haile*, 840 S.W.2d 263, 266 (Mo.App. W.D.1992)]. The court in *Schulze* interpreted Section 210.828, which states, "a

parent's retroactive liability to another party for reimbursement of necessary support provided by that party to the child ... is limited to a period of five years next preceding the commencement of the action," to preclude an award of child support calculated pursuant to Form 14.

Mother contends that notwithstanding Section 210.828, the trial court was no longer limited in making awards of pre-petition support in paternity cases to an award of reimbursement for necessaries, but could also award pre-petition child support calculated pursuant to Form 14 under Section 452.340.9. Thus, the question in this case is whether Section 452.340.9 applies in actions filed under the UPA.

When construing statutes, our duty is to determine the intent of the legislature, considering the plain and ordinary meaning of the language used, and to give effect to that intent. *State ex rel. Baumruk v. Belt*, 964 S.W.2d 443, 446 (Mo. banc 1998). When the language of the statute is clear, we must give effect to the language as written. *Id.*

Initially, the first sentence of Section 452.340.9 begins with the phrase "[u]nder this or any other chapter ... " This language is clear and unambiguous. The plain meaning of these words is that Section 452.340.9 applies under Chapter 452 or "any other chapter." Obviously, the broad phrase "any other chapter" includes the UPA. Senate Bill 253, the bill in which the Missouri legislature made the addition of Section 452.340.9, also contained numerous changes to the UPA. Clearly, the legislature was cognizant of the UPA and would be aware of the breadth of its introductory phrase "[u]nder this or any other chapter."

Two cases handed down in 1995, subsequent to the enactment 452.340.9, state that under the UPA, a parent's liability for

**2.** This was amended in 1998 to read, "Pursuant to this or any other chapter, when a court determines the amount owed by a parent for support provided to a child by another per-

son, other than a parent, prior to the date of filing of a petition requesting support ... the court ... shall use the guidelines established pursuant to subsection 8 of this section."

retroactive child support is limited to reimbursement for necessary expenses. *See M.G. v. G.M.B.*, 897 S.W.2d 218 (Mo.App. E.D.1995); and *State ex rel. Dept. of Social Services v. Kobusch*, 908 S.W.2d 383, 386 (Mo.App. E.D.1995). However, in neither of these cases did the petitioner request an award of support pursuant to Section 452.340.9, nor in fact do these cases make any reference whatsoever to Section 452.340.9. In contrast, in *Schubert v. Tolivar*, 905 S.W.2d 924, 926 (Mo.App. E.D.1995), the trial court granted, and we affirmed, a party's request for an award of past child support under Section 452.340.9. We find no conflict between these two lines of cases; the difference lies in the relief sought by the parties.

We hold, based upon our interpretation of the relevant statutory provisions, that in enacting subsection 9 to Section 452.340, the Missouri legislature intended to provide an alternative remedy in paternity actions to a request for reimbursement for necessaries under Section 210.828. A party seeking an award of pre-petition support in an action filed under the UPA could request either reimbursement for necessaries under Section 210.828 or an award of child support calculated based upon the gross income of the parties under Section 452.340.9. However, the party seeking such relief must make the choice between the two remedies in its pleadings.[3]

Mother also contends that the failure to apply Section 452.340.9 in paternity cases violates the equal protection clause as it gives greater benefits to children born in-wedlock than to those born out-of-wedlock. Father argues that Mother's constitutional issues are not preserved for review as they are raised for the first time on appeal and are not presented in the Point Relied On. We need not address these arguments as we are persuaded by Mother's arguments as to statutory construction.

Accordingly, we hold that the trial court erred in stating that Section 452.340.9 did not apply in paternity actions and in refusing to apply that section in this case.[4] Thus, the judgment of the trial court is reversed and the cause is remanded to the trial court.

SIMON, P.J. and CRANE, J., concur.

---

3. This interpretation is consistent with that of practitioners in the field of family law. *See* II Mo. Family Law, Section 27.15 (MoBar 5 th ed.1997).

4. Given our holding, we decline to review the viability of *Royston* and *Schulze*. However, we note that other jurisdictions interpreting the UPA have uniformly held that retroactive child support, not limited to expenses actually incurred, is available under the UPA. *See Ellison v. Walter*, 834 P.2d 680 (Wyo.1992); *In re Paternity of W.L.*, 270 Mont. 484, 893 P.2d 332 (1995); *Tedford v. Gregory*, 125 N.M. 206, 959 P.2d 540 (N.M.App.1998); *Seegert v. Zietlow*, 95 Ohio App.3d 451, 642 N.E.2d 697 (8 Dist.1994); *McNeal v. Swain*, 477 N.W.2d 531 (Minn.App.1991); *Janssen by Janssen v. Turner*, 292 Ill.App.3d 219, 226 Ill.Dec. 202, 685 N.E.2d 16(4 Dist.1997).