**In the ESTATE OF Robert LAUSE, Deceased.**

**Trudy Carra-deSalero, in her capacity as next friend for Oliver Robert Lause, a minor, Appellant,**

**v.**

**Rebecca Krawitz, in her capacity as administrator of the estate of Robert Lause, deceased, Respondent.**

**No. ED 76354.**

Missouri Court of Appeals, Eastern District. Division Five.

March 7, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 2000.

Application for Transfer Denied May 30, 2000.

Russell A. Willis III, Creve Coeur, for appellant.

John Robert O'Connor, Emil L. Poertner, Union, for respondent.

LAWRENCE G. CRAHAN, Judge.

Trudy Carra-deSalero ("Mother") in her purported capacity as next friend for Oliver Robert Lause ("Son") appeals the final

---

settlement of the estate of Robert Lause ("Father") and other orders related to the administration of the estate. We dismiss the appeal for lack of standing.

Mother and Father were never married but their out-of-wedlock union produced Son, born April 9, 1982, whom Father supported financially during his lifetime. Father also named Son as the beneficiary of a testamentary trust, which was to receive the residue of his estate.

Father died on October 19, 1997. At the time of his death, Father resided in Franklin County and Mother and Son resided in Colorado. A will dated January 16, 1991 was admitted to probate and letters of administration were granted on December 11, 1997 to Rebecca Krawitz ("Administrator"), who was also named in the will as the trustee of the testamentary trust.

Beginning in May 1998, Mother filed a series of motions on behalf of Son in her purported capacity as his next friend. However, Mother never sought an order appointing her as next friend, nor do we find any such appointment in the record.

On September 1, 1998, Administrator filed a motion to modify the homestead order to abate any payments due to be paid to Mother on Son's behalf and to direct any payments instead to his lawful custodian once appointed by a Colorado court. This motion alleged upon information and belief that Son had initiated or intended to initiate a guardianship proceeding because Mother had failed and refused to care for him. Son did institute such a proceeding in Colorado. So far as we can determine from the record, Administrator's motion was resolved informally pending the outcome of the guardianship proceeding with payments being made directly to Son's landlord in Colorado.

On January 28, 1999, the District Court of Larimer County, Colorado issued Findings and Orders appointing Michael R. Smith, Son's employer and mentor, as Son's guardian. The Colorado District Court specifically found that Mother was more concerned with the financial gains from having Son in her household and had ignored her parental responsibility to him. The Court further found that Mother had at least attempted to use Son's property for her own financial gain. On February 16, 1999, the Colorado District Court issued supplemental orders also appointing Mr. Smith as Son's conservator. The Court further noted that, pursuant to its previous order, attorney Russell Willis, Mother's counsel at trial and on appeal, no longer had authority to act on behalf of Son in the Missouri probate action.

A final settlement was filed in the probate proceeding on February 25, 1999 and approved on March 17, 1999. On March 30, 1999, Mother filed a motion for leave to file objections to the final settlement out of time and a motion to set aside the judgment approving the final settlement. On June 2, 1999, these motions were overruled. Mother filed her notice of appeal on June 14, 1999.

Administrator claims Mother's appeal should be dismissed because, *inter alia*, she lacks standing to pursue this appeal on Son's behalf in her purported capacity as his next friend. We agree. Mother claims no personal interest in the estate. Thus, she is not personally aggrieved by any ruling of the trial court and can claim standing to pursue this appeal only if she is properly before the court as Son's next friend. Rule 52.02(a) provides that "civil actions by minors may be commenced and prosecuted only by a duly appointed guardian of such minor, or if there is no such guardian, by a next friend appointed by him in such civil action." Mere allegations that one is a next friend does not make such a person the next friend or guardian. *Lechner v. Whitesell by Whitesell*, 811 S.W.2d 859, 861 (Mo.App. 1991).

Contrary to the recitation in the style of her pleadings, Mother was never appointed next friend for the minor child. Neither the docket sheet nor any other document in the legal file gives any indication

that Mother was appointed as next friend or that Son ever consented to such appointment.[1]

More importantly, at the time Mother filed her notice of appeal she was no longer eligible to act as Son's next friend because a guardian had been duly appointed for Son by the District Court in Colorado.[2] Under the express language of Rule 52.02(a), a next friend can only be authorized to act on behalf of a minor child "if there is no such guardian." Moreover, the Colorado District Court had expressly ruled that Mother's attorney, and thus Mother, no longer had any authority to represent Son in the Missouri probate proceeding. If Mother and her attorney lacked authority to appear on Son's behalf in the underlying probate proceeding, Mother likewise lacks standing to pursue this appeal in her purported capacity as Son's representative.

Appeal dismissed.

MARY RHODES RUSSELL, C.J., ROBERT E. CRIST, Sr.J., Concur.

---

1. Mother claims the probate court recognized her as acting as Son's "Next Friend" in its orders granting a homestead and support allowance. Although those orders refer to her as Son's "fiduciary" and "Mother," they do not recognize any court appointing her as next friend. Moreover, in a letter to the attorney for the guardian dated March 9, 1999, Mother's attorney acknowledged that the probate judge thought it inadvisable for him to make further filings on behalf of Mother in view of the Colorado District Court's orders. Thus, nothing in the record suggests the probate court implicitly regarded Mother as having authority to act on Son's behalf.

2. The District Court's appointment of Mr. Smith as Guardian was affirmed, at least as an emergency measure, in *In re the Matter of O.R.L., et al.*, 996 P.2d 788 (Colo.App.2000).