

## Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| K.G.M., a minor,<br>by his Next Friend, R.K.M., and<br>R.K.M., individually,<br><br>Appellants,<br><br>vs.<br><br>M.M., B.J.M., and<br>MISSOURI DEPT SOCIAL SERVICES,<br>FAMILY SUPPORT DIVISION,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. SD34351<br><br>FILED: August 16, 2016 |

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Robert N. Mayer, Judge

## AFFIRMED IN PART, REVERSED IN PART, AND DISMISSED IN PART

*(Before Lynch, P.J., Rahmeyer, J., and Scott, J.)*

PER CURIAM. Father's marriage to Mother was dissolved in 2002, with the court finding that Child was born of the marriage.[1] Thirteen years later and $5,600 in

---

[1] We refer to appellant R.K.M. as "Father," the minor appellant K.G.M. (through Father as next friend) as "Child," respondent M.M. as "Mother," and respondent Family Support Division as "FSD." Statutory citations are RSMo 2000 as amended through 2015. Rule references are to Missouri Court Rules (2015).

arrears on child support, Father sued to determine paternity, suggesting that unidentified men may have impregnated Mother. Father listed Child, age 14, as co-plaintiff and got himself appointed Child's next friend for the litigation.[2]

FSD sought (1) appointment of a guardian *ad litem* ("GAL") because Father's interests were adverse to Child's, and (2) summary judgment "on the petition," but alleging grounds *only against Father*. Without ruling on the GAL request, the court found "no legal basis for the relief sought within Petitioners' Petition" and granted summary judgment against Father *and Child*.

On appeal, Father does not challenge the judgment against himself, but purports to complain on Child's behalf that Child "never had a full and fair opportunity to litigate the issue of paternity [and] therefore cannot be precluded from litigating this action."

### Analysis

When a parent's paternity suit aims to have a child declared illegitimate, putting interests of the parent and child in conflict, the child should be represented by a GAL, not by the filing parent. **Amber B. v. Leland S.**, 592 S.W.2d 201, 202-03 (Mo.App. 1979).

The trial court should have noticed the conflict here, realigned Child as a party-defendant, and appointed a GAL. § 210.830. Appellate courts may set aside judgments against children in such situations. *See, e.g.,* **Fort v. Chester**, 731 S.W.2d

---

[2] Obvious conflict aside, Father also violated next-friend procedure. If a child is age 14 or older, as here, a next friend may be appointed if the *child* so petitions in writing, which did not occur here. § 507.130, Rule 52.02(c).

2

520, 522-23 (Mo.App. 1987); ***Amber B.***, 592 S.W.2d at 202; ***J.M.L. v. C.L.***, 536 S.W.2d 944, 947 (Mo.App 1976).

Yet, careful consideration convinces us that Child's best interests "would not be served by reversing and remanding the case for appointment of a guardian ad litem and a relitigation of the issue of paternity." ***S.*----- *v. S.*-----, 595 S.W.2d 357, 362 (Mo.App. 1980). Child will have the benefit of collateral estoppel respecting his paternity in any future litigation "between him on the one hand, and [Father] and his heirs at law on the other hand." *Id*. at 359. This leaves for consideration (1) any future paternity claims by unknown persons, or (2) any support or inheritance claim that Child might assert against same. *Id*. at 360. The chances of either such claim seem highly unlikely and outweighed by the emotional disruption to all concerned if this case be remanded now for further proceedings. *See **id**.* at 362.

Pursuant to Rule 84.14, which authorizes this court to give such judgment as it ought to give and finally dispose of the case, we affirm the trial court's judgment against Father, reverse the judgment against Child, and dismiss without prejudice all unresolved claims in this case.