In the Interest of A.M.W., a minor child.

D.E.W., Respondent,

v.

T.R.W., Appellant.

No. 22816.

Missouri Court of Appeals, Southern District, Division One.

Nov. 1, 1999.

John L. Oliver, Jr., Oliver, Oliver & Waltz, P.C., Cape Girardeau, for appellant.

James M. McClellan, Sikeston, for respondent.

CROW, Judge.

D.E.W.[1] ("Father") filed a two-count petition against T.R.W. ("Mother").

Count I, denominated a "Petition to Establish Paternity," averred, *inter alia:* (1) the action was brought "pursuant to the Uniform Parentage Act, 210.817, et seq."; (2) Father is the "natural father" of A.M.W. ("Child"), born July 2, 1998, out of wedlock; (3) T.R.W. ("Mother") is the "natural mother" of Child. Count I prayed for "a determination of the existence of the father/child relationship" and other relief.

Count II, denominated a "Motion for Custody, Child Support and Award of Visitation and Temporary Custody," pled, *inter alia:* (1) Mother has physical custody of Child; (2) Mother is denying Father frequent and meaningful contact with Child; (3) Mother is capable of gainful employment and should provide child support for Child. Count II prayed the trial court to award the parties "joint legal and physical custody" of Child, to order the parties to jointly support Child, and to change the surname of Child from Mother's surname to Father's surname.

Mother filed an answer admitting Father is the natural father of Child and she is the natural mother of Child. Mother's answer was accompanied by a counterclaim praying the trial court to "adjudicate [Father] responsible" for Mother's "birthing expenses," and to order Father to pay Mother child support and attorney fees.

■ Following a one-day trial, the trial court entered a judgment from which Mother brings this appeal.

Section 210.830, RSMo Cum.Supp.1998, a component of the Uniform Parentage Act, was in force when Father filed his petition. That section reads, in pertinent part:

"The child shall be made a party to any action commenced under sections 210.817 to 210.852."

The record demonstrates, and the parties' lawyers conceded at oral argument, that Child was never made a party.

In *R.W.B. v. T. W.,* 947 S.W.2d 815 (Mo.App. S.D.1997), the father of a child born out of wedlock sued the mother *and the child* under the Uniform Parentage Act, seeking a declaration of paternity and other relief similar to that sought by Father in the instant case. *Id.* at 815. In *R.W. B.,* no guardian ad litem was appointed for the child. *Id.* at 816–17. On appeal

---

1. As shall appear *infra,* this case involves a child born out of wedlock. Consequently, this opinion identifies the parties and the child— the child is not a party, a circumstance addressed in this opinion—by their respective initials instead of their names.

by the father in *R.W. B.*, this court, relying on *Lechner v. Whitesell by Whitesell*, 811 S.W.2d 859 (Mo.App. S.D.1991), held the failure to appoint a guardian ad litem for the child was reversible error. *R.W.B.*, 947 S.W.2d at 817–18. This court reversed the judgment and remanded the case to the trial court for appointment of a guardian ad litem for the child and for further proceedings thereafter. *Id.* at 818.

As the failure to appoint a guardian ad litem for the child was reversible error in *R.W.B.* (where the child was at least a party), the failure to make Child a party in the instant case is patently reversible error. To hold otherwise would, in effect, nullify § 210.830 (quoted in part earlier).

Consequently, this court holds the judgment in the instant case must be reversed and the case must be remanded to the trial court so (1) Child can be made a party, and (2) a guardian ad litem can be appointed for Child.[2] Once those steps are taken, the trial court shall hear such further evidence as Father, Mother and Child's guardian ad litem shall present, after which the trial court shall adjudicate the issues framed by the pleadings of Father, Mother and Child.

Because this case must proceed as set forth in the paragraph above, this court, as it did in *R.W.B.* and *Lechner,* does not address Mother's claims of error.

The judgment is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

PARRISH and SHRUM, JJ., concur.

---

**2.** A letter to this court from Father's lawyer following oral argument indicates he is uncertain whether a guardian ad litem must be appointed for Child. That subject is specifically addressed in *R.W.B.*, 947 S.W.2d at 816–17[1]. As explained there, a guardian ad litem must be appointed even though there is no allegation of child abuse or neglect.