**In re the Matter of J.L., a Minor Male Child, by Next Friend, G.L., and G.L., Individually, Petitioners–Respondents,**

v.

**C.D., Respondent–Appellant.**

No. 23017.

Missouri Court of Appeals, Southern District, Division One.

Jan. 20, 2000.

C.D., pro se.

James K. Justus, Justus & McCullah, Forsyth, for Respondent.

KENNETH W. SHRUM, Judge.

G.L. (Father) brought an action against C.D. (Mother) to establish that he is the father of J.L. (Son). He also sought custody of Son and child support from Mother. Mother did not contest paternity but sought custody and child support. After a hearing, the trial court granted Father custody of Son and ordered Mother to pay child support. Mother appeals pro se. In one of her multiple points, Mother charges that the trial court committed reversible error when it failed to appoint a next friend for Son. We agree. We reverse and remand.

■ In his petition, Father did not specifically refer to the Uniform Parentage Act (UPA),[1] but the UPA is the exclusive method for adjudicating paternity in Missouri.[2] *State v. Dodd,* 961 S.W.2d 865, 868[3] (Mo.App.1998); *Richie By and Through Laususe v. Laususe,* 950 S.W.2d 511, 514[7] (Mo.App.1997). Accordingly, the UPA governs here.

Section 210.830, a component of the UPA, was in force when Father filed his petition.[3] In pertinent part, that section provides:

---

**1.** Section 210.851, RSMo 1994, provides that "[s]ections 210.817 to 210.852 may be cited as the 'Uniform Parentage Act[.]' "

**2.** An exception to this general rule exists in that parentage can be adjudicated under the probate laws in probate proceedings. *In re Nocita,* 914 S.W.2d 358 (Mo.banc 1996). This is not a probate case.

**3.** All statutory references are to RSMo 1994 unless otherwise indicated. We note, however, that Father filed his petition July 9, 1998. Effective August 28, 1998, § 210.830 was amended to insert the phrase "or any person having physical or legal custody of the child" in the third sentence.

"The child shall be made a party to any action commenced under sections 210.817 to 210.852. If he is a minor, he may be represented by a next friend appointed for him for any such action. The child's mother or father or the division of child support enforcement may represent him as his next friend." (Emphasis added.)

■ Here, Father tried to make Son a party to the action by naming himself as Son's next friend. In that regard, Father captioned his pleading in his name individually and also as next friend for Son. Father also filed the following: (1) a separate written petition for appointment as Son's next friend, (2) a written consent to act as Son's next friend, and (3) a proposed order of appointment as Son's next friend. However, the record does not show that the trial court ever appointed Father or anyone else as Son's next friend. Merely alleging in a petition that a parent is the child's next friend does not create a legally valid next-friend relationship. *R.W.B. v. T.W.*, 947 S.W.2d 815, 817[2] (Mo.App. 1997); *Lechner v. Whitesell By Whitesell*, 811 S.W.2d 859, 861[3] (Mo.App.1991).

■ The language of § 210.830 and case law interpreting that provision mandate that a child who is the subject of a paternity action under the UPA must be made a *party* to the case. *D.E.W. v. T.R.W.*, 6 S.W.3d 181, 182 (Mo.App.S.D. 1999); *R.W.B.*, 947 S.W.2d at 817–18; *S.J.V. By Blank v. Voshage*, 860 S.W.2d 802, 804–05 (Mo.App.1993); *Lechner*, 811 S.W.2d at 861[5]. A minor can be a *party plaintiff* in a UPA case *only* when it is "commenced and prosecuted ... by a duly appointed guardian of such minor, or, if there is no such guardian, *by a next friend appointed* in such civil action." Rule 52.02(a) (emphasis added). *See Voshage*, 860 S.W.2d at 804.

■ As previously noted, the trial court did not appoint anyone as Son's next friend, and the action was not commenced and prosecuted on behalf of Son by a duly appointed guardian. Consequently, Son was never made a party plaintiff in the case. The trial court committed reversible error by failing to appoint a next friend for Son because, without that appointment, Son never became a party to this suit as mandated by § 210.830. *See D.E.W.*, at 183; *Voshage*, 860 S.W.2d at 804 (Mo.App. 1993).

■ In so deciding, we note that the trial court did appoint a guardian ad litem (GAL) for Son and that the GAL was present for trial. Section 210.830 authorizes appointment of a GAL "only if child abuse or neglect is alleged, or if the child is named as a defendant, or if the court determines that the interests of the child and his next friend are in conflict." Here, Son was not named as a defendant, so it is clear that the trial court did not appoint the GAL for that reason. It is, nevertheless, unclear why the trial court did appoint the GAL for Son. Even so, the trial court's rationale for the appointment is irrelevant to our analysis. Whatever may have prompted it, the mere appointment of a GAL for Son did not satisfy or obviate the requirement that he be made a party to this litigation. *See Voshage*, 860 S.W.2d at 803–04; *Lechner*, 811 S.W.2d at 861[5].

Accordingly, we must reverse the judgment and remand the case so that Son may be made a party. If the case proceeds with Son as a plaintiff, a next friend shall be appointed for him. In that case, the GAL shall continue to serve if the trial court finds there is a statutory basis therefor. If, on the other hand, Son is named as a defendant rather than as a plaintiff, a GAL shall be appointed for him as required by § 210.830. Once these steps are completed, the trial court shall hear such further evidence as Father, Mother, or Son's next friend or GAL may present. Thereon, the trial court shall adjudicate the issues framed by the pleadings of Father, Mother, and Son. *See D.E.W.*, at 183.

Because this case must be remanded and proceed as set forth above, we do not

address Mother's other claims.[4] *See D.E.W.*, at 183; *R.W.B.*, 947 S.W.2d at 818.

The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

CROW, P.J., CONCURS.

PARRISH, J., CONCURS.

---

4.  For the most part, Mother's claims of trial court error require a review of the evidence. This is impossible here because no transcript was filed in this court. Mother's third point relied on, i.e., that the trial court erred in consolidating this UPA action with a juvenile case, became moot when the trial court entered an "order terminating jurisdiction" in the juvenile case on April 5, 1999.