A.M.C.B. by his next friend
**Jeremy Marty**

**and**

**Jeremy Marty, individually,
Respondents,**

v.

**Lorraine Elizabeth COX, Appellant.**

**No. ED 91598.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 2009.

Michael H. James, Chesterfield, MO, for Respondents.

Nathan S. Cohen, Saint Louis, MO, for Appellant.

## *OPINION*

GLENN A. NORTON, Judge.

Lorraine Elizabeth Cox ("Mother") appeals the judgment of the trial court determining paternity, custody, visitation, and child support with respect to Mother's son A.M.C.B. ("Child") and son's father Jeremy Marty ("Father"). We reverse and remand with instructions.

## I. BACKGROUND

Child was born on January 23, 2007, in St. Louis, Missouri. At that time, both Mother and Father were living in St.

Louis. Father filed a pro se petition for declaration of paternity on February 8, 2007, under Missouri's Uniform Parentage Act ("UPA"). He named himself as petitioner and Mother as respondent. Child was not listed as a party to the case. Father retained counsel and filed a first amended petition on March 1, 2007. The amended petition listed Father and Child, with Father as next friend, as petitioners, and Mother as respondent. The same day, Father also filed a motion to appoint himself as Child's next friend. Mother did not object to Father's motion.

In mid-March 2007, Mother moved with Child to Tallahassee, Florida. Mother and Child continued to live in Florida for the duration of the case. Father began commuting between Boston, Massachusetts, and St. Louis in April 2007. He maintained an apartment in St. Louis until his lease terminated in March 2008. He was committed to continue working in Boston until at least April 2009.

The trial court entered its judgment declaring Father to be the father of Child, awarding joint physical and legal custody of Child to Mother and Father, and setting forth the parties' parenting plan containing Father's visitation schedule on May 18, 2008. It later amended the judgment to include an award of retroactive child support to Mother. Although Father was listed as next friend on the caption of the trial court's judgment, the court did not rule on Father's motion requesting that he be appointed next friend. In addition, the court did not make a finding under Rule 52.02(m)[1] that Child's interests were adequately protected despite its failure to appoint a guardian ad litem ("GAL") or next friend for Child. This appeal follows.

---

**1.** All references to Rules are to Missouri Supreme Court Rules (2009).

## II. DISCUSSION

### A. Failure to Appoint a Next Friend or GAL for Child as Mandated by Section 210.830 RSMo 2000 and Rule 52.02 is Reversible Error

■ In Mother's first point, she argues that the trial court erred in failing to appoint a next friend or GAL for Child as required by section 210.830.[2] She contends that because neither a next friend nor GAL was appointed, the trial court's paternity judgment does not comply with the UPA, which demands that the child be made a party to any action involving a determination of paternity. As a result, Mother argues, the trial court's judgment must be reversed.

We review the judgment in a bench-tried case under the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

Section 210.830 states the following, in relevant part:

The child shall be made a party to any action commenced under sections 210.817 to 210.852. If he is a minor, he may be represented by a next friend appointed for him for any such action. The child's mother or father or the division of child support enforcement or any person having physical or legal custody of the child may represent him as his next friend. A guardian ad litem shall be appointed for the child only if child abuse or neglect is alleged, or if the child is named as a defendant, or if the court determines that the interests of

---

**2.** All statutory references are to RSMo 2000.

the child and his next friend are in conflict.

Rule 52.02 further explains how an action may be brought by or against a minor. Relevant to this case, in which Child was intended to be a petitioner rather than a defendant, Rule 52.02(a) states that "[c]ivil actions by minors may be commenced and prosecuted only by a duly appointed guardian of such minor or, if there is no such guardian, by a next friend appointed in such civil action."

Citing several cases, including *J.L. ex rel. G.L. v. C.D.*, 9 S.W.3d 733 (Mo.App. S.D.2000), Mother argues that Missouri courts require compliance with section 210.830 and Rule 52.02(a), and non-compliance requires reversal. *See also R.W.B. v. T.W.*, 947 S.W.2d 815, 817–18 (Mo.App. S.D.1997); *S.J.V. v. Voshage*, 860 S.W.2d 802, 804–05 (Mo.App. E.D.1993); and *Lechner v. Whitesell*, 811 S.W.2d 859, 861–62 (Mo.App. S.D.1991). In *J.L.*, the father brought an action against the mother to establish paternity over *J.L.*, 9 S.W.3d at 734. He attempted to make the child a party to the action by naming himself as the child's next friend. *Id.* at 735. In particular, he captioned his pleading in his name individually and also as next friend for the child. *Id.* He filed a separate written petition for appointment as the child's next friend, a written consent to act as the child's next friend, and a proposed order of appointment as the child's next friend. *Id.* The trial court did not, however, appoint the father or anyone else as the child's next friend. *Id.*

■ On appeal, the mother argued that the trial court committed reversible error when it failed to appoint a next friend for the child. *Id.* at 734. The appeals court agreed. *Id.* First, the court noted that "[m]erely alleging in a petition that a parent is the child's next friend does not create a legally valid next-friend relationship." *Id.* at 735. It then quoted the language from section 210.830 and Rule 52.02(a) indicating that a child *shall* be a party in an action under the UPA and that an action may *only* be commenced by a minor when brought by a duly appointed guardian or, if there is no such guardian, by a next friend appointed in the action. *Id.* Because the trial court did not appoint anyone as the child's next friend, the child was never made a party plaintiff to the case. *Id.* The court further reasoned that even though the trial court appointed a GAL for the child who was present for trial, the mere appointment of a GAL did not obviate the requirement that he be made a party to the litigation. *Id.* Due to the trial court's error, the appeals court reversed the judgment and remanded the case so that the child could properly be made a party. *Id.*

Without specifically addressing the rationale in *J.L.*, Father argues that Child was a party plaintiff in the action because he filed his first amended petition "on behalf of himself and as next friend for the minor child." He notes that: (1) Mother did not object to his motion to appoint him as next friend and did not raise the issue until she filed this appeal; (2) all parties and the trial court proceeded as if Father had been appointed as next friend; and (3) the trial court's orders indicated that Father was acting as next friend since they were captioned "[A.M.C.B.], by his Next Friend Jeremy Marty." Finally, Father argues that, under Rule 52.02(m), the failure to appoint a GAL or next friend will not invalidate court proceedings if the court finds that the interests of the minor were adequately protected[3]. He contends

---

3. Rule 52.02(m) states, in relevant part, that "[f]ailure to appoint a next friend or guardian ad litem for a minor … shall not invalidate the proceedings if the court finds that the

that a review of the record demonstrates that Child's interests were adequately protected so that appointment of a GAL or next friend was unnecessary. We disagree.

Father's argument that the requirements of section 210.830 and Rule 52.02(a) were met because the caption used by the parties and the trial court listed him as next friend is similar to that rejected in *J.L.* As explained above, Father's mere allegation that he is Child's next friend did not create a legally valid next friend relationship. *See J.L.*, 9 S.W.3d at 735. *Cf. Lechner*, 811 S.W.2d at 861 (stating that the appointment of a GAL for a minor child is more than a mere technical defense, but is mandatory and a suit shall not be prosecuted further until such a guardian is appointed). In addition, it is irrelevant whether Mother voiced an objection to Father's motion to appoint a next friend until this appeal because the issue of whether the action complied with the UPA is jurisdictional. *See Roberts v. Roberts*, 920 S.W.2d 144, 146 (Mo.App. E.D.1996) (determining *sua sponte* whether court had jurisdiction over action under the UPA to determine non-paternity because mother's petition failed to name person she alleged was natural father of child, and remanding case as to determination of non-paternity due to such failure).

As to Father's argument that Rule 52.02(m) excuses the trial court's failure to appoint a next friend or GAL, the record contains no finding that Child's interests

were adequately protected pursuant to Rule 52.02(m). *See S.J.V.*, 860 S.W.2d at 804 (finding reversible error when trial court failed to appoint a GAL or next friend for minor child and made no finding under Rule 52.02(m) that interests of minor child were adequately protected).

We thus agree with Mother's assertion that a trial court commits reversible error when it fails to appoint a GAL or next friend for the minor child in a UPA case. Mother's first point is granted.

## B. The Trial Court had Jurisdiction to Enter a Custody and Visitation Schedule Under Missouri's Uniform Child Custody Jurisdiction Act ("UCCJA") Because Missouri was Child's Home State When the Action Commenced

Mother argues in her second point that the trial court erred in entering a judgment determining custody and visitation because, under the UCCJA (codified at sections 452.440–452.550), it lacked subject matter jurisdiction over such issues.[4] In particular, she asserts that, by the time of trial, she and Child had been living in Florida for almost thirteen months and Father was living in Massachusetts. According to Mother, because Missouri was no longer the "home state" of Child for purposes of the UCCJA, Missouri no longer had subject matter jurisdiction. Mother argues, in the alternative, that the trial court should have declined jurisdiction since Florida is a more appropriate forum.[5]

interests of the minor ... were adequately protected."

**4.** Mother argues in her point relied on that the trial court lacked subject matter jurisdiction under the federal Parental Kidnapping Prevention Act, codified at 28 U.S.C. section 1738A. As she does not address this claim in the argument portion of her brief, it is deemed abandoned.

**5.** Mother also argues under this point that the trial court erred in creating a parenting plan which fails to comply with section 452.310. As we are reversing and remanding this case for further proceedings, we need not reach the merits of Mother's arguments at this time.

■ We review de novo the question of whether Missouri has jurisdiction to determine child custody issues in accordance with the UCCJA. *Krasinski v. Rose*, 175 S.W.3d 202, 204 (Mo.App. E.D.2005). A trial court's subject matter jurisdiction must be based upon circumstances existing at the time the court's jurisdiction is invoked. *Gosserand v. Gosserand*, 230 S.W.3d 628, 631 (Mo.App. W.D.2007).

## 1. Missouri was Child's "Home State" for Purposes of the UCCJA at the Time Jurisdiction was Invoked

■ Section 452.450.1 lists the following four bases upon which a Missouri court may have jurisdiction to make a child custody determination: (1) Missouri is or was the child's "home state" within the last six months; (2) it is in the best interests of the child for Missouri to have jurisdiction because both evidence and a "significant connection" are in Missouri; (3) the child is physically present in Missouri and has been either abandoned or faces an emergency; or (4) no other state has jurisdiction. Section 452.450.1(1)–(4); *see also Reisinger v. Reisinger*, 125 S.W.3d 879, 881–82 (Mo.App. E.D.2004). In its judgment, the trial court found that it had jurisdiction over the parties and the subject matter but did not specify the basis upon which it found jurisdiction. However, it is clear from the parties' arguments that they assume the court's basis for jurisdiction was section 452.450.1(1), that Missouri was considered the "home state" of Child.[6]

Section 452.450.1(1) states that a Missouri court which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if Missouri:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state.

Section 452.445(4) defines "home state" as

the state in which, immediately preceding the filing of custody proceeding, the child lived with his parents, a parent, an institution; or a person acting as parent, for at least six consecutive months; or, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

In her argument, Mother acknowledges that a trial court's jurisdiction under the UCCJA is usually determined as of the date of the commencement of the proceeding. *See Timmings v. Timmings*, 628 S.W.2d 724, 726 n. 6 (Mo.App. E.D.1982). Mother also recognizes that Rule 53.01, which governs the commencement of a cause of action in Missouri, provides that

---

6. *Piedimonte v. Nissen*, 817 S.W.2d 260, 266 (Mo.App. W.D.1991), notes that "[i]t is implicit in the scheme of the UCCJA that the court make an initial determination of jurisdiction by express findings of fact before proceeding to the substantive issue of custody." Accordingly, a ruling of jurisdiction by the court that is merely conclusory or assumes jurisdiction and is tacit as to the factual basis for the

adjudication does not meet the objectives of the Act. *Id.* Nevertheless, a trial court's failure to make such findings does not render its decision a nullity. *In re S.M.*, 938 S.W.2d 910, 918 (Mo.App. W.D.1997). We will therefore review the record for evidence of jurisdiction despite the absence of specific findings by the trial court. *See id.*

"[a] civil action is commenced by filing a petition with the court."

Nevertheless, Mother contends that even though Child had lived in Missouri since birth and remained in Missouri until after Father filed his first amended petition, because Father never properly joined Child in the amended petition, his case "arguably" did not commence while Child was still located in Missouri. She urges this Court to rule that a petition cannot be deemed "filed" until it meets minimum requirements for a petition in Missouri, namely, that the pleadings state a claim upon which relief can be granted. In this case, according to Mother, meeting such requirements would include the proper joinder of Child as a party-plaintiff. She bases her assumption that Child was never properly joined on her argument in Point I. Thus, she contends that the action never "commenced" since the trial court did not rule on Father's motion to appoint him as next friend.

Mother's position that Rule 53.01 contains an unwritten requirement that a petition state a claim upon which relief can be granted before an action is considered commenced is contrary to the plain language of the Rule. Rule 53.01 states only that a civil action is commenced when "filed." *See also Richardson v. Richardson*, 892 S.W.2d 753, 756 (Mo.App. E.D. 1994) (refusing to add an inquiry into whether the plaintiff filed her action in the wrong court in good faith as a precondition to the express requirements of commencing an action under Rule 53.01). We further note that Missouri courts and the courts of other states conclude that a proceeding is deemed commenced for purposes of UCCJA jurisdiction when a party *files* a petition or motion to determine custody. *See State ex rel. Wilson v. Brown*, 897 S.W.2d 171, 174 (Mo.App. S.D. 1995) (stating that "[a]s it relates to juris-diction of child custody issues based on 'home state' status, this is when the petition is filed"); *Matthews v. Riley*, 162 Vt. 401, 649 A.2d 231, 236 n. 4 (1994) (stating that "[f]or purposes of the UCCJA, a 'pro-ceeding' commences with the filing of a new petition for custody or modification of a custody determination" and citing sup-porting caselaw from other states); *Barden v. Blau*, 712 P.2d 481, 482–85 (Colo. 1986) (holding that the words "the pro-ceeding," as contained in the phrase "the time of commencement of the proceeding," mean the filing of the pending motion af-fecting custody or visitation rather than the filing of the initial dissolution proceed-ing).

The analysis in *Cox v. Ripley County*, 233 S.W.3d 225 (Mo.App. S.D.2007) also supports our conclusion that Father com-menced his action at the time he filed his amended petition. In *Cox*, a plaintiff filed a motion for leave to add a second plaintiff and to amend the petition within the appli-cable statute of limitations but the trial court did not rule on the motion until after the statute of limitations had run. 233 S.W.3d at 230. On appeal, the defendants argued that the second plaintiff did not commence his action until the date the trial court ruled on the first plaintiff's mo-tion. *Id.* The appeals court found that the requirements of Rule 53.01 for commenc-ing an action are met when a motion to amend is *filed* even if the trial court does not grant the motion until after the limita-tion period. *Id.*; *see also Butler v. Hurl-but*, 826 S.W.2d 90 (Mo.App. E.D.1992) (holding that the timely filing of a motion to amend the petition to add an additional defendant and not the final court approval of the motion is sufficient to meet the requirements of Rule 53.01 for commence-ment of an action against that defendant).

Although *Cox* and *Butler* dealt with whether an action commenced under Rule

53.01 by or against a particular party for purposes of the statute of limitations, we see no reason why we should interpret the rule differently in the context of the UCCJA. As with *Cox* and *Butler,* Father attempted to properly join Child as a party but the trial court did not rule on his motion to appoint a next friend. Applying the same rationale, we find that even though the trial court did not actually rule on Father's motion in this case, Father's action nonetheless "commenced" under Rule 53.01 when he filed his amended petition. In reaching this conclusion, we recognize that the trial court's failure to rule on Father's motion to appoint a next friend prevented Child from actually becoming a party plaintiff. However, we decline to impose a requirement on UCCJA petitioners to obtain a ruling from the trial court on motions to appoint a next friend or GAL as a prerequisite to commencing an action for purposes of UCCJA jurisdiction. As explained above, to do so would be contrary to the plain language of Rule 53.01. It would also be contrary to the plain language of section 452.450.1(1), which states that Missouri court has jurisdiction where Missouri is the home state of the child at the time of "commencement of the proceeding."

Considering the circumstances existing at the time Father filed his petition, or in other words, when the court's jurisdiction was invoked, *see Gosserand,* 230 S.W.3d at 631, we find that Missouri was Child's home state for purposes of the UCCJA. Child was born in Missouri and lived continuously in Missouri up until the time Father, attempting to properly add Child as a party plaintiff, filed his amended petition for determination of paternity, custody and support. Thus, the trial court had jurisdiction to make custody determinations under the UCCJA.

**2. This Court Need Not Decide Whether Missouri is an Inconvenient Forum**

Mother alternatively argues that under section 450.470, the trial court should have exercised its authority to decline to exercise jurisdiction because it was an inconvenient forum to make a custody determination under the circumstances of the case, given Mother's move to Florida within weeks of the filing of Father's petition.[7] As we are reversing and remanding this case for further proceedings based on our determination in Point I, the trial court may address the propriety of exercising its jurisdiction on remand.

**3. Conclusion**

Mother's second point is denied.

**C. Mother's Remaining Points**

Mother raises additional arguments in her remaining points on appeal. As they may be addressed on remand, we need not consider them at this time.

**III. CONCLUSION**

We reverse the trial court's judgment and remand with instructions for the trial court to appoint a next friend, if the case proceeds with Child as a plaintiff, or a GAL, if the case proceeds with Child as a defendant.[8] The trial court may then hear

---

7. Section 450.470.1 states that
   [a] court which has jurisdiction under this act to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circum-
   stances of the case and that a court of another state is a more appropriate forum.

8. The trial court may also appoint a GAL for Child even if Child is named a plaintiff if it finds a statutory basis for doing so. *See J.L.,* 9 S.W.3d at 735.

such further evidence as Father, Mother, or Child's next friend or GAL may present and the trial court shall adjudicate the issues framed by the pleadings of Father, Mother, and Child. *See J.L.*, 9 S.W.3d at 735.

KURT S. ODENWALD, P.J., and PATRICIA L. COHEN, J., concur.