

# Missouri Court of Appeals
## Southern District

### In Division

C.D.G., a minor child, by and through    )
Next Friend, CASEY GREEN, and    )
CASEY GREEN, Individually,    )
    )
        Petitioners-Respondents,    )
    )
v.    )    Nos. SD38005 & SD38021
    )    Filed: June 17, 2024
TARA JONNE GREEN,    )
    )
        Respondent-Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

Honorable A. Don Trotter, Special Judge

### **VACATED AND REMANDED**

Tara Jonne Green (Mother) appeals from a judgment of paternity, child custody, and child support in favor of the father (Father) of her child, C.D.G. (Child). On appeal, Mother argues that the trial court erred in entering the judgment because: (1) she was not given notice of the trial and opportunity to respond to Father's petition; and (2) no next friend had been appointed to represent Child in the paternity action. Because we conclude that both of Mother's points have merit, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion.

**Factual and Procedural Background**

On September 24, 2021, Child and his siblings were taken into temporary protective custody by the Missouri Department of Social Services, Children's Division (Division). Three days later, the Barry County Juvenile Officer filed a petition alleging abuse and neglect by Mother and Father. A hearing was held on September 29th, and the trial court filed an order for protective custody on October 12th. On September 14, 2022, the trial court held a permanency-review hearing and scheduled the next permanency-review hearing for March 8, 2023. A docket entry on September 20, 2022, states that Father was notified of the next hearing "in person on 9/14/22[,]" and Mother was notified "by mail."

On February 15, 2023, Father filed a petition requesting a paternity declaration, sole legal and physical custody of Child and his siblings, and child support payments from Mother. Father additionally filed a proposed order, a proposed parenting plan, and a motion to appoint himself as next friend. The record contains no indication that Father's petition was served upon Mother or that she was notified that it had been filed by Father.

On March 8, 2023, the trial court held its scheduled permanency-review hearing, at which it also considered Father's petition. Neither Mother nor her appointed counsel were present at the hearing. The next day, the trial court entered a judgment granting Father's petition and approving the Division's proposed parenting plan. The judgment declared Father to be the father of Child, awarded Father sole legal and physical custody of Child, and ordered Mother to make child support payments of $390 per month.

On March 10, 2023, Mother filed a motion to set aside the judgment, alleging that she never received service of the petition, that she was not given 30 days to respond to the petition, and that she was given no notice of the trial on the petition. On March 22nd, the

trial court held a hearing and denied Mother's motion. On April 7th, Mother filed a motion for a new trial, which was denied by the trial court. This appeal followed.

## Discussion and Decision

### *Point 1*

In her first point, Mother argues that the trial court abused its discretion by failing to set aside the judgment pursuant to Rule 74.06(b), which states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

*Id*.[1] A trial court is vested with broad discretion when acting on a motion to set aside a judgment, and we will not interfere unless the record convincingly demonstrates an abuse of discretion. *Greasel Conversions, Inc. v. Massa*, 399 S.W.3d 456, 458 (Mo. App. 2013). An abuse of discretion only occurs when the ruling "was clearly against the logic of the circumstances then before the trial court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id*. (citations omitted).

It has long been established that "the fundamental requirement of due process is to provide notice and an opportunity to be heard to a person subjected to a denial of a protected interest." *Laubinger v. Laubinger*, 5 S.W.3d 166, 175 (Mo. App. 1999). Accordingly, Missouri courts have held that due process for a party not in default requires "notice of the trial setting and an opportunity to be heard … at a meaningful time and in a meaningful

---

[1] All rule references are to Missouri Court Rules (2021). All statutory references are to RSMo (2016).

3

manner." ***Breckenridge Material Co. v. Enloe***, 194 S.W.3d 915, 921 (Mo. App. 2006).[2] In the present case, the only indication that Mother received any notice of the trial setting is a docket entry from September 20, 2022, which stated that Mother had been notified of the next hearing "by mail." However, this entry was made months before Father's petition was filed. In September 2022, the next hearing was one of several permanency-review hearings. Such a hearing would have been entirely different than the trial that actually occurred on Father's petition for paternity, child custody, and child support. Therefore, any notice given to Mother prior to Father's petition does not constitute sufficient notice of the trial setting on Father's petition. Because the record does not establish that Mother was provided notice of this trial setting, we may conclude that she did not receive notice. ***S.S. by and through T.R.S. v. K.E.J.***, 607 S.W.3d 266, 270 (Mo. App. 2020).

Additionally, Mother was not allowed a meaningful opportunity to respond to the allegations raised in Father's petition. Rule 55.25(a) gives a defendant 30 days after the service of a summons and petition to file an answer to the petition. There is no record that Mother was actually served with Father's petition, and even if she was served, she was not permitted sufficient time to file her answer. Father's petition was filed on February 15, 2023. The trial was held on March 8th, and the trial court entered the judgment on March 9th, before the expiration of the 30-day period in which Mother could have filed her answer.

"A judgment procured without complying with the notice and service requirements of the rules of civil procedure is irregular by definition." ***Breckenridge***, 194 S.W.3d at 920.

---

[2] Although Mother did not file an answer to Father's petition before the judgment was entered, the trial court never ruled that Mother was in default and made no indication that its judgment against Mother was a default judgment. Even if the trial court had entered a default judgment, it would have been without authority to do so because the judgment was entered before Mother's permitted time to file an answer had expired. *See* § 210.839.5; Rule 55.25(a).

Because Mother did not have notice and an opportunity to respond to Father's petition, the judgment was irregular and the trial court abused its discretion in failing to set the judgment aside pursuant to Rule 74.06(b). *See* **S.S.**, 607 S.W.3d at 270. Mother's first point is granted.

*Point 2*

Although the resolution of Point 1 requires vacation and remand, we choose to address Mother's second point because it may arise on remand. In Point 2, Mother argues that the trial court erred in entering a judgment under Missouri's Uniform Parentage Act (UPA) because a next friend had not been appointed to represent Child's interests. We agree.

Section 210.830 requires that a child subject to a paternity action under the UPA must be made a party to the case. *See* **J.L. ex rel. G.L. v. C.D.**, 9 S.W.3d 733, 734-35 (Mo. App. 2000). Because Child was a minor at the time Father's petition was filed, he was required to be made a party to the action. Additionally, Rule 52.02(a) states that "[c]ivil actions by minors may be commenced and prosecuted only by a duly appointed guardian of such minor or, if there is no such guardian, by a next friend appointed in such civil action[.]" Therefore, Child could not be a plaintiff in the paternity petition unless he was represented by a duly appointed guardian or next friend.

There is no record of the court appointing a next friend to represent Child. With Father's petition, he filed a motion to be appointed next friend for Child's two siblings, and the trial court issued an order to that effect. However, no mention was made by Father or the court of a next friend for Child. Although Father's petition and the trial court's judgment both state that Child was represented by Father as next friend, these statements are insufficient without an explicit order from the court. *See* **J.L.**, 9 S.W.3d at 735. "Father's mere allegation that he is [the child's] next friend did not create a legally valid next friend relationship." **A.M.C.B. v. Cox**, 292 S.W.3d 428, 432 (Mo. App. 2009). Because a minor

5

child must be represented by a guardian or next friend in order to comply with the UPA's requirement that a child subject to a paternity action be made a party to the case, a trial court's failure to appoint a guardian or next friend for a child in a UPA case is reversible error. *Id.*[3] Mother's second point is granted.

The judgment of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

JENNIFER R. GROWCOCK, J. – CONCUR

---

[3] Rule 52.02(m) provides that a failure to appoint a next friend for a minor shall not invalidate a proceeding if the court finds that the interests of the minor were adequately protected. However, the record here contains no finding that Child's interests were adequately protected, and thus, the trial court's failure to appoint a next friend cannot be excused. *See A.M.C.B.*, 292 S.W.3d at 432.