TEXTO COMPLETO DE LA SENTENCIA
La Procuradora de Asuntos de Familia, representada por la Oficina de la Procuradora General (en adelante, la “peticionaria”) solicita la revocación de la Resolución emitida por el Tribunal de Primera Instancia, Sala de Carolina (Hon. José M. Hernández Pérez, J.), el 18 de noviembre de 2009. Mediante el dictamen notificado a las partes el 23 de ese mes, declaró Ha Lugar la solicitud de descalificación de los Procuradores de Asuntos de Familia de Puerto Rico para intervenir en el caso y ordenó que dicho funcionario fuera sustituido por un defensor judicial ad litem para representar los intereses de los menores AGCR y ADR.
Luego de ordenar a los recurridos Jessica Rosario Luzunaris y Luis Colón Rivera que mostraran causa, con el beneficio de su comparecencia, resolvemos, no sin antes exponer el trasfondo fáctico de lo acontecido ante el foro de instancia.
*1135 H
El 28 de julio de 2009, ante alegaciones de maltrato por exponer a los menores a eventos de violencia doméstica y agresión, mediante Petición de Emergencia (Declaración Jurada), presentada al amparo de la Ley Núm. 177 de 1 de agosto de 2003, conocida como la Ley Para el Bienestar y Protección Integral de la Niñez (en adelante, “Ley Núm. 177"), el Departamento de la Familia compareció al Tribunal de Primera Instancia, Sala Municipal de Carolina, en solicitud de la custodia provisional de los menores AGCR y ADR. Ese mismo día, por razón de Resolución y Orden, dicho tribunal concedió la custodia provisional de ambos menores al Departamento de la Familia (en lo sucesivo, el “Departamento”).
Así las cosas, señaló la vista de ratificación para el 13 de agosto de 2009. Durante la audiencia, el representante legal de la recurrida, licenciado Santos Rivera Martínez, solicitó la descalificación de la Procuradora de Asuntos de Menores por razón de que existe un conflicto de interés entre dicho funcionario y la recurrida, quien es menor removida en otro proceso y custodia legal del Departamento. Según adujo la Procuradora no puede ser defensora judicial de la recurrida en un pleito y a su vez defensora de los intereses de los menores hijos de la recurrida, AGCR y ADR, en este proceso. Considerada dicha solicitud, el Tribunal concedió un término a la Procuradora para exponer su posición por escrito. Posteriormente, el 10 de septiembre de 2009, durante una vista, el licenciado Rivera Martínez solicitó nuevamente la descalificación de la Procuradora e incluso adujo que el conflicto de intereses en este caso no se resolvía con nombrar otra Procuradora de otra región, ya que la Procuraduría es una sola entidad y cuando comparece al pleito lo hace en representación del Estado; por lo tanto, es el Departamento de Justicia a través de los Procuradores de Asuntos de Familia que tiene el conflicto; no es alguien en particular. Por ello, solicitó se nombrara un defensor judicial distinto e independiente para el menor removido. Ante los nuevos planteamientos, la Procuradora solicitó un término adicional para presentar un escrito, plazo que fue concedido por el Tribunal.
En cumplimiento de lo ordenado, el 30 de septiembre de 2009, la Procuradora presentó su escrito. Adujo que no procedía la solicitud de descalificación de la recurrida, pues la comparecencia del Procurador en casos bajo la Ley Núm. 177 es mandataria y les impone a estos funcionarios un deber ministerial de velar por los mejores intereses de los menores víctimas de maltrato. Ello en consideración al conocimiento y entrenamiento de dichos funcionarios para salvaguardar el mejor interés del menor durante todo el proceso. Además, la Procuradora propuso que se ordenara en la alternativa que una Procuradora de otra jurisdicción distinta a la Carolina atendiera el caso, pues ello subsanaría cualquier conflicto de interés. En igual fecha, la recurrida presentó Solicitud de Descalificación del Departamento de Justicia (Procuradores de Familia) como Representante, Abogado o Guardián Ad Litem del Menor Promovido. Indicó que la comparecencia de la Procuradora no es en su carácter personal, sino en calidad de representante de la oficina de la Procuradora Especial de Relaciones de Familia para Situaciones de Maltrato de Menores, ello como dependencia del Departamento de Justicia y este último del Estado. Al asumir la Procuradora la representación de la menor-recurrida en otro proceso donde sus padres eran promovidos en una acción de maltrato, alineo, comprometió al Estado en una acción tutelar sobre un interés determinado. Permitir su comparecencia en el caso de autos en representación de los menores removidos y en contra de la menor-recurrida, equivale a avalar la representación por parte del Estado de intereses distintos, potencialmente opuestos o encontrados.
Luego de otros trámites procesales, el 28 de octubre de 2009, se celebró una vista sobre el estado de los procedimientos. A dicho señalamiento, entre otros, compareció el licenciado Rivera Martínez, representante de la recurrida; el recurrido no compareció, pero estuvo representado por la Leda. Blanca Gari Pérez y la Leda. Arlymarie Escalera García, en representación del Departamento. Así también, estuvo presente la Procuradora de Relaciones de Familia de la región de Fajardo, Iris Morales Meléndez, en representación de los mejores intereses de los menores removidos. Según surge de la Minuta de esta vista, la Leda. Gari Pérez avaló la solicitud de descalificación presentada por la recurrida, porque según expresó la Procuradora tiene un conflicto ético que sólo es subsanable con el nombramiento de un defensor judicial para sopesar los intereses de los menores. Por su parte, la Procuradora argumentó que acoger el planteamiento del Ledo. Rivera Martínez y la *1136 Leda. Gari Pérez implicaría que habría conflicto de intereses en todos los casos de maltrato, ya que el Departamento de la Familia y el Departamento de Justicia son parte del Gobierno. Así pues, el Foro a quo emitió Resolución el 18 de noviembre de 2009, declarando Ha Lugar la solicitud de descalificación de todos los Procuradores según presentada por los recurridos y ordenó que se nombrara un defensor judicial a los menores.
Insatisfecha con la determinación, la peticionaria presentó ante nos su Petición de Certiorari, el 23 de diciembre de 2009, señalando que:
“1) Erró el Tribunal al prohibir la intervención de los Procuradores de Asuntos de Familia impidiendo a dichos funcionarios del Estado ejercer el deber ministerial que el Legislador le impuso en acciones judiciales sobre maltrato de menores en virtud de la Ley Núm. 177; 2) al descalificar a dicho funcionario equiparando sus funciones ministeriales con la relación abogado-cliente existente entre el representante legal de una parte litigante en un proceso adversativo ordinario y dicha parte; 3) al concluir que el hecho de que los recurridos en una acción judicial bajo la Ley Núm. 177 sea menor removido en una primera acción judicial presentada al amparo de dicho estatuto impide la intervención de los Procuradores de Asuntos de Familia en el segundo proceso.”
III
En Puerto Rico, la legislación a favor del bienestar de los menores ha sido objeto de constantes enmiendas a los fines de mejorar los servicios a ser ofrecidos a los menores en caso de ser víctimas de maltrato o negligencia por parte de sus padres. El propósito ínsito y común en todas estas legislaciones ha sido establecer la responsabilidad que debe asumir el Estado en estas circunstancias, ello en virtud del poder de “Parens Patriae’’. Ley Núm. Ill de 1 de agosto de 2003, conocida como Ley para el Bienestar y el Desarrollo Integral de la Niñez; Ley Núm. 342 de 16 de diciembre de 1999, conocida como Ley para el Amparo a Menores en el Siglo XXI; Ley Núm. 75 de 28 de mayo de 1980, conocida como Ley de Protección a Menores; El Pueblo de Puerto Rico en Interés de los Menores R.P.S., M.P.S. y C.J.N.S., 134 D.P.R. 123, 133 (1993).
Estas piezas legislativas buscan asegurar el mejor interés y bienestar de los menores frente a los derechos de los padres, prevaleciendo lo primero sobre lo segundo, cuando existe riesgo a ese bienestar. La vigente Ley Núm. 177 propuso un nuevo enfoque al establecer como política pública del Estado Libre Asociado de Puerto Rico que, como parte del deber de asegurar el mejor interés, protección y bienestar integral de la infancia y la adolescencia, se deberá proveer oportunidades y esfuerzos razonables que permitan conservar los vínculos familiares y comunitarios, cuando ello no les perjudique.
Así pues, en cuanto a la representación legal de las partes en los casos de protección, el Art. 32 de la Ley Núm. 177, 8 L.P.R.A. §447(a), (el “Art. 32”), señala:
“Durante el procedimiento judicial de los casos de maltrato, maltrato institucional, negligencia y/o negligencia institucional hacia un menor, la parte demandada podrá comparecer asistida de abogado. Si no tuviere representación legal y no tuviere medios para sufragar tal representación, el tribunal le nombrará un abogado. Los demandados podrán renunciar a su derecho a estar asistidos de abogado en todo momento, incluyendo renuncia de custodia. No obstante, el padre o la madre podrán renunciar a la patria potestad de sus hijos sólo si están asistidos de abogado.
Los intereses de cualquier menor de quien se alegue en el tribunal que es víctima de maltrato, maltrato institucional, negligencia y/o negligencia institucional, serán representados por un Procurador Especial de Protección a Menores, nombrado por el Gobernador para dicha función y/o por un Procurador de Relaciones de Familia. 3 L.P.R.A. §135-135(g).” (Énfasis suplido.)
*1137 Lo antes expresado hay que interpretarlo en conjunto con lo dispuesto por el Art. 56 de la referida ley, que, en lo pertinente, dispone:
“Se crean trece (13) cargos de Procuradores de Familia Especiales para Situaciones de Maltrato, Maltrato Institucional, Negligencia y Negligencia Institucional, nombrados por el Gobernador, con el consejo y consentimiento del Senado, con la encomienda de instar, en representación del Gobierno del Estado Libre Asociado, las acciones que procedan como resultado de las investigaciones realizadas sobre maltrato, maltrato institucional, negligencia y/o negligencia institucional hacia menores....
Hasta donde sea posible y tomando consideración de la edad y madurez de los menores, los Procuradores Especiales les mantendrán informados de las determinaciones que les afectan.” (Énfasis nuestro.) 8 L.P.R.A. § 447(y)
El cargo de Procurador de Asuntos de Familia fue creado por la Ley Núm. 205 de 9 de agosto de 2004. Art. 65, 3 L.P.R.A. § 294q. Los procuradores son nombrados por el Gobernador, con el consejo y consentimiento del Senado y ejercen sus funciones como miembros del Ministerio Público. 3 L.P.R.A. §§ 29 (j), 294q, 295f. Asimismo, el Art. 81 de la Ley Núm. 205 dispone que estos Procuradores, además de las facultades que les delega la ley, tendrán los poderes y ejercerán las funciones establecidas en la Ley para el Bienestar y la Protección Integral de la Niñez, Ley Núm. 177, supra, o en cualquier otro estatuto que se apruebe en el futuro. 3 L.P.R.A. § 295f.
Mediante la referida Ley Núm. 177 se le impuso al Departamento de la Familia, entre otras, la obligación de investigar y atender las situaciones de maltrato, maltrato institucional, negligencia y/o negligencia institucional. 8 L.P.R.A. § 444a. En tomo al trámite judicial a seguirse una vez se determina que existe una situación de maltrato o negligencia, el citado estatuto establece la jurisdicción del tribunal de instancia para que adjudique la petición que el Departamento de la Familia le haga en tomo a la privación, restricción o suspensión de la custodia de los menores objetos de maltrato. 8 L.P.R.A § 447.
Así también, la referida legislación dispone que los Procuradores de Asuntos de Familia tienen la encomienda de instar, en representación del Gobierno del Estado Libre Asociado, las acciones que procedan como resultado de las investigaciones que éstos o el Departamento de la Familia realicen sobre maltrato, maltrato institucional, negligencia y/o negligencia institucional hacia menores. Hasta donde sea posible y tomando en consideración la edad y madurez de los menores, dichos funcionarios les mantendrán informados de las determinaciones que les afectan. 8 L.P.R.A. § 447y.
La labor principal del Procurador de Asuntos de Familia es velar por la pureza del trámite seguido en el caso y el mejor interés del menor, no para defender la posición de parte alguna en dicho proceso. Nótese que como norma general los casos son instados por el Departamento de la Familia como promoverte en contra de los padres o custodios como promovidos, por lo cual la figura del procurador, como funcionario con conocimientos especializados en el área de relaciones de familia, sólo actúa como defensor de ese principio rector, el mejor bienestar del menor. Resulta pues una figura totalmente independiente que no representa a parte alguna en el proceso. Podemos colegir que en estos casos el único interés del Procurador es que la salud, la seguridad, y el bienestar físico, mental, emocional, educativo y social de ese menor sea protegido adecuadamente, en armonía con el mandato contenido en la Ley Núm. 177. La actuación del Procurador de Asuntos de Familia no es propiamente de abogado del menor, sino que su tarea es procurar sus mejores intereses. Tanto es así, que si el menor expresara que su deseo o voluntad es permanecer o no permanecer bajo la custodia de la parte promovida en estos pleitos, y la Procuradora entiende que la voluntad del menor no es cónsona con los mejores intereses de éste, así lo haría constar ante el Tribunal.
Es por ello que resulta de vital importancia la intervención del Procurador de Asuntos de Familia en los *1138 casos de maltrato de menores, según diseñado por el Legislador al promulgar la Ley Núm. 177. Dicho estatuto tal como fue creado no concibe la tramitación de una acción judicial de esta naturaleza en ausencia de la figura de dicho funcionario; su presencia es esencial e insustituible. Siendo dicho funcionario un representante del Ministerio Público en estas acciones judiciales resulta totalmente improcedente en derecho delegarle sus funciones a un abogado privado como defensor judicial.
De otra parte, la figura del defensor judicial según definida por nuestro ordenamiento es un tutor especial nombrado por el tribunal para que represente a un incapacitado o a un menor en un pleito en específico. Crespo v. Cintrón, 159 D.P.R. 290, 300 (2002). Dicha designación procede en virtud del poder de parens patriae que ostenta el Estado y que tiene como único y principal objetivo asegurar el bienestar de los menores o incapaces. Santana Medrano v. Acevedo Osorio, 116 D.P.R. 298, 301 (1985). El defensor podrá hacer ante el foro de instancia los planteamientos que en beneficio de su representado entienda procedentes y pertinentes. Rodríguez Del Valle v. Corcelles Ortiz, 135 D.P.R. 834, 448 (1994).
Nuestro Código Civil establece en su Art. 160 las situaciones en que procede el nombramiento de un defensor judicial, a saber: siempre que en algún asunto ambos padres o alguno de ellos tenga un interés opuesto al de sus hijos no emancipados, el Tribunal de Primera instancia nombrará a éstos un defensor que los represente en juicio y fuera de él. 31 L.P.R.A. § 617.
De conformidad con dicho articulado, la Regla 15.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, 15.2, reconoce la facultad de los tribunales para nombrar a un defensor judicial que represente a un menor de edad o a una persona incapacitada judicialmente en una causa de acción cuando lo juzgare conveniente o estuviere dispuesto por ley. Así también, el Art. 560 del Código de Enjuiciamiento Civil, 32 L.P.R.A. § 2365, señala que también procede el nombramiento de un defensor judicial, cuando el representante legal, tutor, padre o madre del menor o incapacitado tuviere en la herencia un interés incompatible con el del menor o incapacitado. Es claro que el defensor judicial representa o asiste al menor sólo para asuntos concretos; no constituyéndose, por tanto, en un órgano de vigilancia de la patria potestad, su designación se circunscribe a la acción judicial para la que fue designado.
En la esfera federal, el nombramiento de un “guardian ad litem” tiene el propósito de proteger los intereses de un menor, “defends actions”. Barr v. Barr, 987 SW.2d 471 (Mo.Ct. App. S.D. 1999). Sin embargo, en dicha jurisdicción el nombramiento de un “guardian ad litem” no es mandatario, a menos que los intereses del niño no estén entera y adecuadamente representados en una acción judicial. Geddes v. Cessna Aircraff Co., 881 F. Supp. 94 (E.D.N.Y. 1995).
La función de un “guardian ad litem” en dicha jurisdicción es velar por los mejores intereses del menor cuando éste carezca de representación en un pleito. Regla 17(c), Reglas Federales de Procedimiento Civil. En la jurisdicción estadounidense, de ordinario, un “guardian ad litem” es responsable de tomar decisiones a nombre del menor o incapacitado en un procedimiento judicial y no necesariamente comparecer como abogado del menor o incapacitado. United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986). Por ende, una solicitud para nombrar un “guardian ad litem” puede ser denegada, si el tribunal entiende que los intereses del menor están completamente protegidos. 42 Am Jur 2d, Infants § 164 (2000).
De lo antes señalado se colige que en ambas jurisdicciones la necesidad de nombrar un defensor judicial surge cuando los intereses y el bienestar del menor han quedado desprovistos de una defensa adecuada, situación que en este caso no está presente, pues la Ley Núm. 177 específicamente designó al Procurador de Asuntos de Familia para atenderlo. Habida cuenta de que el único interés del Procurador es que la salud, la seguridad, y el bienestar físico, mental, emocional, educativo y social de ese menor sea protegido adecuadamente, en armonía con el mandato contenido en la Ley Núm. 177, no existe razón alguna para considerar que dichos intereses no están completa y adecuadamente representados. Por ende, no surge necesidad alguna de nombrar ningún defensor *1139 judicial ad litem, menos aún cuando la legislación no contempló la intervención de esa figura en el trámite judicial de los casos de maltrato.
Bajo el esquema trazado por el Legislador al promulgar la Ley Núm. 177, la figura del defensor judicial ad litem no tiene cabida. Las funciones de representar los intereses de los menores en estos pleitos corresponden exclusivamente al Ministerio Público, a través del Procurador de Asuntos de Familia. Dichas funciones de carácter ministerial no pueden ser realizadas por un abogado privado, ya que pertenecen al Estado. Por ende, bajo el esquema de la Ley Núm. 177, la figura del Procurador es sencillamente insustituible.
Por su parte, el argumento ético levantado ante el Foro de Instancia nos resulta desacertado. Vale destacar lo dispuesto por el Canon 21 del Código de Ética Profesional de 1970, el cual dispone en la parte pertinente, que:
“Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a uno u otro cliente, aun cuando ambos clientes así lo aprueban. Será altamente impropio de un abogado el utilizar las confidencias o secretos de un cliente en perjuicio de éste.” 4 L.P. R.A. Ap. IX, C. 21.
Su propósito ínsito es garantizar al cliente anterior que las confidencias y los secretos que compartió con su abogado en el transcurso de la primera representación no serán utilizados en su contra en representaciones posteriores. Ex parte Robles Sanabria, 133 D.P.R. 739, 746-747 (1993). El Tribunal Supremo ha expresado que, en ausencia de esta garantía, el riesgo del uso adverso de la información compartida podría socavar la confianza del cliente en su abogado e impedir que haga la divulgación necesaria para una representación adecuada de sus intereses. Ex parte Robles Sanabria, supra, a la pág. 747.
Uno de los requisitos esenciales para probar la presencia de un conflicto de intereses que impida que un abogado intervenga en determinado pleito es la existencia de una relación previa abogado-cliente entre quien invoca el conflicto y el abogado que ahora representa a la parte contraria en un pleito. In re: Martínez Ramírez, 142 D.P.R. 329, 345 (1997). Es decir, que en ausencia de una previa relación abogado-cliente la referida prohibición no se activa. Tampoco si el abogado cuya descalificación se solicita no ha sido el abogado de la parte adversa en un pleito anterior. En el caso de autos, el Procurador de Asuntos de Familia no actúa como abogado de ninguna de las partes involucradas en el pleito de maltrato. No es abogado del Departamento de la Familia, ni de los padres promovidos. Mucho menos puede concluirse que tiene una relación abogado-cliente con el menor, ya que, como antes señalamos, su intervención en estos casos no consiste en la clásica función del “abogado” que defiende la voluntad de su cliente; tampoco existe acuerdo alguno de servicios de representación legal, lo cual resulta imprescindible para la existencia de dicho vínculo. El menor no puede solicitarle al Procurador que “renuncie” a su representación, porque, precisamente, la representación de sus intereses por parte de ese funcionario surge expresamente de la Ley.
La contención de la peticionaria estriba en que el Art. 32 dispone expresamente y de manera exclusiva la delegación del deber ministerial de defender los intereses de cualquier menor víctima de maltrato. En particular, aduce que bajo el esquema diseñado por el Legislador al promulgar la Ley Núm. 177, no se contempla la intervención de la figura del “defensor judicial” para representar los intereses del menor maltratado, sino que esta función compete con exclusividad al Procurador de Asuntos de Familia.
Del trasfondo legal al cual hemos hecho referencia resulta claro que la función de velar porque en casos de maltrato y negligencia personal e institucional contra menores bajo la Ley Núm. 177 se proteja debidamente su bienestar e intereses, corresponde a la Procuraduría de Asuntos de Familia.
Como sostiene la peticionaria, el Art. 32 de la Ley Núm. 177 claramente delega en estos funcionarios dicha *1140 obligación en casos de esta naturaleza como representantes del Estado en su función de parens patriae. Aunque los Procuradores formen parte del Ministerio Público, al ejercer sus funciones en procedimientos de este tipo, su encomienda central y ministerial es la de atender y adelantar los mejores intereses de los menores maltratados en el trámite civil. No es su responsabilidad primaria la de promover el encauzamiento criminal del o los alegados responsables, cuya encomienda la tienen los fiscales ordinarios. Por supuesto que ello no implica que una y otra división no puedan mantener la debida coordinación y necesaria colaboración para que ambos procesos puedan lograr sus objetivos, en la medida que tal encauzamiento redunde en beneficio de los menores. Esa dualidad de funciones del Ministerio Público, lo cual es ciertamente común que ocurra en casos como el presente, no puede afirmarse que sean incompatibles, al grado que sirva de fundamento para descalificar por ello a los Procuradores en el caso de autos bajo la Ley Núm. 177.
Del examen del expediente de este caso no hemos podido identificar una justificación de suficiente peso para la extrema medida aplicada por el Foro a quo sobre el particular. Más aún, asumiendo que en efecto tal decisión hubiera podido justificarse en cuanto a los Procuradores de la Región de Carolina, no existía base para descalificar otros Procuradores disponibles, al extremo de que tuviera que recurrirse al nombramiento de defensores judiciales de la práctica privada. La Oficina de los Procuradores tomando previsión de ello asignó a este caso a una Procuradora de Fajardo, actuación que disipa cualquier apariencia de conflicto de interés.
El Procurador de Asuntos de Familia, conforme a lo expresado en la Ley Núm. 177, supra, es una figura independiente que vela por los intereses de los menores en los procedimientos judiciales sobre maltrato o negligencia. En consecuencia de lo anterior, resolvemos que un Procurador que comparece en representación de un menor en un procedimiento judicial sobre maltrato o negligencia no incurre en conflicto de interés alguno, pues el interés que defiende es el bienestar del infante o adolescente que representa. Y como reseñáramos anteriormente, el mejor bienestar de dicho menor no equivale a defender su voluntad, sino a velar porque el proceso redunde en su mejor interés, no configurándose entre el Procurador y el menor removido una relación común de abogado-cliente.
Además, a la luz de los hechos señalados y los principios de derecho a que hemos hecho referencia, concluimos que no podemos restringir de manera irrazonable el mandato que tiene la oficina de los Procuradores de Asuntos de Familia de velar por la salud y seguridad de nuestros menores. Ello es así, ya que la intervención de un Procurador de Asuntos de Familia en un caso donde la compareciente es la parte promovida, no libera al Estado, a través de la inherencia del Departamento de Justicia, de su obligación de proteger a los menores de edad en casos de maltrato o negligencia, ni limita la facultad de todos los demás procuradores de proseguir con el caso de autos, de la manera que mejor beneficie al menor.
En resumen, concluimos que erró el Tribunal al decretar la descalificación de los Procuradores de Asuntos de Familia en este caso y en el subsiguiente nombramiento de una abogada privada como defensora judicial de los menores. En consecuencia, dejamos sin efecto dicha determinación. Estos funcionarios deberán continuar ejerciendo sus funciones de vigilancia y protección a los mejores intereses y bienestar de los menores con celo y sensibilidad, evitando en lo posible toda apariencia de que otros intereses priman sobre la mejor defensa del bienestar de los menores.
IV
Por los fundamentos anteriormente expuestos, expedimos el auto de certiorari solicitado y revocamos la Resolución de 18 de noviembre de 2009, emitida por el Tribunal de Primera Instancia, Sala de Carolina. En su consecuencia, devolvemos el caso al foro revisado para la continuación de los procedimientos, conforme a lo expresado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
*1141 Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones